190 So. 563

**PITTMAN BROS. CONST. CO. v. FIRST SEWERAGE DIST. OF LAKE CHARLES.**

No. 35274.

June 26, 1939.

Clement M. Moss, of Lake Charles, for appellant.

Bass & Patin, of Lake Charles, for appellee.

O'NIELL, Chief Justice.

The plaintiff constructed a sewage-treatment plant for the defendant under a contract made according to the provisions of Act No. 224 of 1918, as amended by Act No. 271 of 1926, relating to contracts for public works. The acceptance of the work by the defendant was duly recorded; and, after the statutory period of 45 days, the plaintiff produced a certificate from the recorder of mortgages showing that only three claims, amounting to $8,021.19, were recorded against the company, as contractor, and showing that the company had recorded a bond for $10,300, being more than one-fourth in excess of the amount of the claims, to release the liens, under the provisions of Act No. 248 of 1926. The plaintiff then demanded payment of the balance, $20,168, due under the contract; but the defendant insisted upon retaining $9,000 to secure the defendant against having to pay the three recorded claims, with possible attorneys' fees and costs, and paid the plaintiff only $11,168. The plaintiff sued and obtained judgment against the defendant for the $9,000. The defendant is appealing from the judgment.

Section 2 of Act No. 224 of 1918, before it was amended by Act No. 271 of 1926, declared that, if the authority having any public work done under a contract should make payments to the contractor after the recording and service of a sworn claim for materials furnished or for labor performed on the work, without deducting the amount of the claim or claims so recorded and served, the payment to the contractor would be at the risk of the authority having the work done. By Act No. 271 of 1926, Section 2 of the statute was amended by substituting for the phrase "shall be at its own risk" the phrase "shall make said authority liable for the amount of such claim." This change in the phraseology—declaring that any payment to the contractor without deducting the amount of any claim that is recorded and served upon the authority having the work done "shall make said authority liable for the amount of such claim," instead of saying "shall be at its own risk"—does not change the law materially, because the authority having the work done cannot be obliged to pay any claim against the contractor unless it is a just claim.

According to Section 2 of the act of 1918, as originally enacted and as amended, the effect of recording and serving a sworn statement of an amount due for material furnished or for labor done on any public work is to create a lien upon—or to impound, so to speak—any balance due to the contractor by the authority having the work done, to the extent of the claim or claims so recorded and served. By Act No. 248 of 1926, the Legislature has provided a method by which a contractor by giving a bond may release the fund so impounded, or so subjected to the recorded claim or claims for material furnished or for labor performed, if the contractor does not acknowledge owing the claim or claims. The act provides:

"That when any contractor shall have entered into any contract to do or perform any public works * * * such contractor shall have the right to bond any claim or claims which may be filed or recorded against said work by depositing with the Clerk of Court of the Parish in which said claims are filed or recorded a good and solvent surety bond signed by any surety company authorized to do business in the State of Louisiana for an amount equal to the claim plus one-fourth, such bond to be approved by the Clerk of Court, conditioned that in the event the legality of such claim or claims is established by suit or otherwise as provided by law, that said bond shall remain in full force and effect to protect the interest of the claimant in the premises."

It is argued for the appellant that the statute does not authorize the clerk of court to cancel the recorded claim or claims, upon the filing of the bond; that the statute does not declare that the filing of the bond shall have the effect of canceling the recorded claim or claims; and that the statute does not declare that the filing of the bond to secure the recorded claim or claims shall relieve the public body, or authority having the work done, of its liability, under the provisions of Section 2 of Act No. 224 of 1918, as amended by Act No. 271 of 1926. Hence it

is argued that the bond, given under authority of Act No. 248 of 1926, merely protects the public body, or authority having the public work done, in cases where the public body is willing to pay the contractor after he has given and recorded the bond.

 It is true that Act No. 248 of 1926 does not declare, in terms, that the bonding of a claim recorded against the contractor shall release, to the extent of the recorded claim, payments due to the contractor by the authority having the work done. But the inference that that is the effect of the giving of such a bond by the contractor is inescapable. The effect of the giving of such a bond by the contractor is to relieve the public body, or authority having the work done, of the risk, or liability, to which it would be subject, under the provisions of Section 2 of Act No. 224 of 1918, as amended by Act No. 271 of 1926, —if the recorded claim or claims were not bonded, as authorized by Act No. 248 of 1926. The wording of the statute—that the contractor "shall have the right to bond any claim or claims," et cetera—leaves no doubt that the bond is to stand in lieu of, and as a substitute for, the lien on the fund due to the contractor, to the extent of any claim or claims recorded against the fund, and filed with the public body having the work done. No contractor would ever avail himself of "the right to bond any claim or claims" unless the effect would be to release to that extent the amount due to him by the public body having the work done. There is no indication in the statute that it requires the consent of the public body for the contractor to bond a claim that

is recorded against him. On the contrary the declaration is that the "contractor shall have the right to bond any claim or claims" et cetera. According to Webster's New International Dictionary, one of the definitions of the word *bond,* when used as a verb, is "To place under the conditions of a bond; specif.: c. To convert into a debt secured by bonds." That is, substantially, the sense in which the verb is used in Act No. 248 of 1926.

The judgment is affirmed.

FOURNET, J., absent.