ROGERS, Justice.
 

 This case was submitted for decision, without oral argument, on the joint motion of counsel for the parties as provided by section 8 of Rule IX of this Court. It presents an appeal by S. Y. Watson, clerk of court and ex-officio recorder of mortgages in and for the Parish of East Baton Rouge, from a judgment rendered in favor of Pittman Brothers Construction Company by the Nineteenth Judicial District Court.
 

 The suit is one in which Pittman Brothers Construction Company is asking for a writ of madamus to compel the clerk .of court to erase from the mortgage records of the parish the inscription of five materialmen’s liens affecting certain property in the City of Baton Rouge and described in the building contract entered into between Charles P. Manship an’d the construction company. By a supplemental petition, the plaintiff made Manship a party to the suit. The case was submitted to the district court on the pleadings and.on an agreed statement of facts and resulted in a judgment making the'mandamus peremptory and commanding -the respondent clerk of court to erase from the records of his office the inscriptions of the liens described in plaintiff’s petition.
 

 The agreed statement of fact shows that on July 5, 1940, Pittman Brothers Construction Company entered into a contract with Charles P. Manship for the sum of $70,384 to construct a certain building on a lot of ground owned by Man-ship in the City of Baton Rouge. The contract was duly recorded in the mortgage records of the Parish of East Baton Rouge. The construction company completed the contract in accordance with its terms and conditions, and, in consequence thereof, Manship issued a certificate of acceptance, which was duly recorded in the mortgage records of the parish. After the expiration of the 30-day period provided by law, and as further stipulated in the building contract, a lien certificate was issued by the defendant clerk of court which discloses five recorded liens securing claims amounting in the aggregate to $5,-286.66.
 

 Subsequent to the issuance of the lien certificate, the plaintiff construction company furnished to the defendant clerk of court individual surety bonds written by the Great American Indemnity Company, a duly qualified and authorized insurance and bonding company, permitted to do business in this State, for amounts equal to each of
 
 *314
 
 the recorded liens plus one-fourth thereof, in accordance with the provisions of Act 246 of 1926. Upon the filing of the bonds with the defendant clerk of court, plaintiff made demand on him to erase the inscriptions of the liens from the mortgage records of his office in order that plaintiff might receive from Manship the balance due plaintiff under the building contract. The clerk of court refused to comply with plaintiff's demand, “for the reason that it is his understanding and appreciation, under advice of counsel, that Act 246 of 1926 makes no provision for him to physically cancel from the mortgage records of his office the inscription of the aforesaid liens upon his being furnished with surety bonds, as provided for in said act * *
 

 The clerk of court persisting in his refusal to comply with its demand, the construction company brought this mandamus proceeding to compel him to do so.
 

 The defendant clerk of court, in his answer, alleged that there is nothing in Act 246 of 1926 requiring him to erase from his records liens inscribed against a building contract upon the substitution of a surety bond as provided in the legislative act. He also alleged that he had complied with the provisions of the statute by filing the surety bonds submitted to him by plaintiff and that he had offered to furnish plaintiff with a certificate to that effect. He stated further that he submitted the matter to the court for such action as the law and evidence justified.
 

 Charles P. Manship, in his answer, averred that until the liens inscribed against his property were erased from the mortgage records of the parish by the clerk of court, he was not required to pay the balance due under his contract with plaintiff.
 

 Act 246 of 1926 provides a method whereby a contractor, undertaking to perform a private work of any kind or nature, may bond any and all claims filed against the work where he disputes their correctness or legality. The act provides :
 

 “Be it enacted by the Legislature of Louisiana, That when any contractor shall have entered into a contract to do or perform private works of every kind and nature under the laws of this State governing the letting and awarding of such contract and in conformity with the requirements thereof, such contractor shall have the right to bond any claim or claims which may be filed or recorded against said work by depositing with the Clerk of Court of the Parish in which such claims are filed or recorded a good and solvent surety bond signed by any Surety Company, authorized to do business in the State of Louisiana, for an amount equal to the claim plus one-fourth, said bond to be approved by the Clerk of Court conditioned that in the event the legality of such claim or claims is established by suit or otherwise as provided by law, that said bond shall remain in full force and effect to protect the interest of the claimant in the premises.”
 

 It is argued on behalf of the appellant that while the statute grants the contractor the absolute right to bond any claim recorded against the work, there is nothing in the act which makes it the duty of the clerk of
 
 *315
 
 court, when such bonding is effected, to erase the inscription of the claims from his records.
 

 While this court has not heretofore been called upon to construe Act 246 of 1926, it has had occasion to construe Act 248 of 1926, which is a companion act. Both legislative acts relate to the bonding of recorded claims by a contractor in order that he might secure the release of funds held by the owner subject to the liens. The only difference existing between the statutes is that Act 246 of 1926 applies to the bonding of liens arising under contracts to perform private work, whereas Act 248 of 1926 applies to the bonding of liens arising under contracts to perform public works.
 

 In Pittman Bros. Construction Co. v. First Sewerage District of Lake Charles, 193 La. 307, 190 So. 563, this Court held that the bond furnished by a contractor in accordance with the provisions of Act 248 of 1926 stood in lieu of, and as a substitute for, the lien on the fund due to the contractor to the extent of any claims recorded against the fund.
 

 In considering the effect of Act 248 of 1926, this Court, in its opinion, observed as follows:
 

 “It is true that Act No. 248 of 1926 does not declare, in terms, that the bonding of a claim recorded against the contractor shall release, to the extent of the recorded claim, payments due to the contractor by the authority having the work done. But the inference that that is the effect of the giving of such a bond by the contractor is inescapable. The effect of the giving of such a bond by the contractor is to relieve the public body, or authority having the work done, of the risk, or liability, to which it would be subject, under the provisions of Section 2 of Act No. 224 of 1918, as amended by Act No. 271 of 1926, — if the recorded claim or claims were not bonded, as authorized by Act No. 248 of 1926. The wording of the statute — that the contractor ‘shall have the right to bond any claim or claims,’ et cetera — leaves no doubt that the bond is to stand in lieu of, and as a substitute for, the lien on the fund due to the contractor, to the extent of any claim or claims recorded against the fund, and filed with the public body having the work done. No contractor would ever avail himself of ‘the right to bond any claim or claims’ unless the effect would be to release to that extent the amount due to him by the public body having the work done. There is no indication in the statute that it requires the consent of the public body for the contractor to bond a claim that is recorded against him. On the contrary the declaration is that the ‘contractor shall have the right to bond any claim or claims’ etcetera. According to Webster’s New International Dictionary, one of the definitions of the word bond, when used as a verb, is ‘To place under the conditions of a bond; specif.: c. To convert into a debt secured by bonds.’ That is, substantially, the sense in which the verb is used in Act No. 248 of 1926.” Pittman Bros. Construction Co. v. First Sewerage District of Lake Charles, 193 La. 307, 313, 314, 190 So. 563, 565.
 

 The purpose of the companion legislative Acts Nos. 246 and 248 of 1926
 
 *316
 
 was to provide a method by which contractors on private and public works, by substituting, surety bonds in lieu of liens recorded against their work, might obtain the release of funds held by the owners to meet the claims secured by the liens. Certainly it was not the intention of the members of the legislature in enacting those statutes for the relief of contractors that a claim against them should be secured by both a bond and a lien. If such a construction were placed upon the statutes, it would utterly destroy the purpose for which they were enacted, since it is plain that no contractor would avail himself of the right given him by law to bond a claim secured by a lien unless the giving of the bond would have the effect of removing the lien and thereby enable him to obtain payment of the amount due by the owner of the work.
 

 To effectuate the objects for which they were enacted, the statutes, one covering contracts for private work and the other contracts for public work, authorize contractors to convert claims secured by liens recorded in the clerk’s office into claims secured by bonds filed in the clerk’s office. The bonds take the place of the liens and since the lienors are protected by the bonds, no useful purpose could be served by permitting the claims recorded against the contractor to remain uncancelled on the public records.
 

 It is customary for parties to a building contract to stipulate, as was done by the parties involved in this case, that final payment shall not be made to the contractor until he shall have furnished the owner with a clear lien certificate issued by the clerk of court for the parish in which the work is situated. Manifestly it would be impossible for the clerk of court to issue such a certificate unless he should, prior thereto, erase from his records whatever liens or claims are on file in his office against the contractor. The clear purpose of Acts Nos. 246 and 248 of 1926 was to enable the clerk to issue such a certificate upon being furnished with a surety bond as provided in the statutes. To hold otherwise would render their provisions of no practical effect.
 

 In the present case the clerk of court has been furnished by the plaintiff with good and solvent surety bonds in amounts equal to, plus one-fourth, each of the liens or claims filed against the work, as provided by Act 246 of 1926. It appearing that the Great American Bonding Company, the surety on the bonds furnished by the ' plaintiff and filed in the clerk’s office, is an insurance and bonding company qualified and authorized to do business in this State, we see no reason why the defendant clerk of court should not erase from the records of his office the liens recorded against' plaintiff’s work- and thereafter issue a clear lien certificate.
 

 For the reasons assigned, the judgment appealed from is affirmed.