HOOD, Judge.
This is a mandamus proceeding instituted by Edward Cormier and Eldalene C. Todd against J. W. Pitre, Clerk of Court for Jefferson Davis Parish, and Howe-Richardson Scale Company. Plaintiffs seek a judgment ordering the clerk of court: (1) To cancel and erase from the mortgage records of his office a certain materialman’s lien which had been filed by PIowe-Richardson; and (2) to return to plaintiffs a sum of money which plaintiffs previously had deposited in the registry of the court to “bond” that lien. The trial court rendered judgment granting plaintiffs the relief which they sought, and defendant Howe-Richardson appeals.
There is no dispute as to the facts. Plaintiffs entered into an unrecorded contract for the construction of a rice dryer on a tract of land which they own. On June 2, 1964, defendant Howe-Richardson timely recorded a materialman’s lien in the amount of $4500.00 against the property, and shortly thereafter Howe-Richardson instituted suit against plaintiffs, as owners of the property, to recover the amount of its claim, with recognition of the material-man’s lien. On April 2, 1965, while the above mentioned suit was pending, plaintiffs bonded out the lien by depositing the sum of $5625.00 in the registry of the court, all pursuant to the provisions of LSA-R.S. 9:4842. The materialman’s lien was not cancelled when this bond was furnished, and it was not reinscribed by Howe-Richardson within one year after its original filing date. Plaintiffs instituted this mandamus suit on June 21, 1965, contend *342 ing that they are entitled to have the lien cancelled and the deposit returned to them because of Howe-Richardson’s failure to reinscribe the lien within the one year period provided by LSA-R.S. 9:4812.
The trial judge, relying largely on Lumber Products, Inc. v. Crochet, 244 La. 1060, 156 So.2d 438, and Abry Brothers, Inc. v. Tillman, 245 La. 1017, 162 So.2d 346, held that LSA-R.S. 9:4842 only permits substituting the bond or money deposited in the registry of the court for the property, that the “bond stands in lieu of the property,” and that since the lien was not rein-scribed within one year, as provided in LSA-R.S. 9:4812, “the bond is no longer valid.” Judgment accordingly was rendered by the trial court ordering the clerk to cancel and erase the lien from the mortgage records and to return to plaintiffs the entire sum of money which they had deposited in the registry of the court.
LSA-R.S. 9:4812 provides that any person furnishing labor or materials for constructing a building may record in the mortgage records of the parish in which the work is done a statement of his claim, and such recordation shall create a privilege on the building and the land on which it is situated. It further provides:
“The said privilege, recorded as aforesaid, shall constitute a privilege against the property for a period of one year from the date of its filing, and may be enforced by a civil action in any court of competent jurisdiction in the parish in which the land is situated and such right of action shall prescribe zvithin one year from the date of the recordation of the privilege in the office of the recorder of mortgages. The effect of the registry ceases, even against the owner of the property or the property itself, if the inscription has not been renewed within one year from the date of the recordation.” (emphasis added)
LSA-R.S. 9:4841 provides that a contractor who enters into a contract to perform private works is authorized to “bond” any claim recorded against the work by depositing with the clerk of court a bond for an amount equal to the claim, plus one-fourth. And, LSA-R.S. 9:4941 contains substantially the same provisions authorizing a contractor who enters into a contract for the performance of public works to bond claims which may be filed or recorded against such work.
By Act 359 of 1960 (LSA-R.S. 9:4842) the owner of real property who enters into a contract to perform private works was also authorized to bond claims recorded against the property, just as contractors previously had been authorized to do. The statute granting to the owner of private property the right to bond claims against the property is almost identical in wording to the two earlier statutes which gave that right to contractors with .reference to both private and public contracts. The pertinent portion of LSA-R.S. 9:4842 provides:
“Whenever an owner of real property shall have entered into a contract to perform private works under the laws of this state governing the letting and awarding of such contracts and in conformity with the requirements thereto, the owner of the property on which the said private work is being performed shall have the right to bond any claim or claims which may be filed' or recorded against said work, whether by laborers, materialmen, suppliers, sub-contractors or general contractors, by depositing with the clerk of court of the parish in which such claims are-filed or recorded, a bond with surety-signed by any surety company author-ised to do business in the state, for an amount equal to the claim, plus one-fourth. The bond shall be approved by the clerk of court conditioned that in the event the legality of such claim or claims is established by suit or other *343 -wise, the bond shall remain in full force and effect to protect the interest of the ■claimant in the premises.” (emphasis added)
Plaintiffs concede that the recording of a lien under LSA-R.S. 9:4812 gives the lienor a twofold remedy. One is an in rem action against the property on which the work was performed, and the other is a personal action against the owner of the property. In a brief submitted in behalf of plaintiffs it is stated that, “defendant still lias the second remedy, the personal right of action because he filed suit timely, however, if he does recover judgment, this will be like any other money judgment.” Plaintiffs contend, however, that the bond which they furnished, or the deposit which was ■made in the registry of the court, operated .as a substitute for the property, that the lien continued to exist, but that “it is merely ■relegated to the bond which takes the place and stands in lieu of the property.” They take the position that in order for -the lienor to preserve its lien or claim on the funds deposited by plaintiffs it is necessary for it to maintain the lien and have it reinscribed, as provided in LSA-R.S. 9:4812, just as would have been required ■to preserve the lien against the property. They argue that the failure of Howe-Richardson to preserve its lien by reinscrib-ing it within one year defeats the right which it previously had to demand payment out of or from the funds now on deposit in the registry of the court.
In State ex rel. Pittman Bros. Const. Co. v. Watson, 199 La. 623, 6 So.2d 709, a general contractor furnished a bond under the provisions of Act 246 of 1926 (now LSÁ-R.S. 9:4841) for one and one-fourth the amount of the materialman’s liens which had been recorded affecting the privately owned property on which the work had been performed, and it then instituted a mandamus proceeding against the clerk of court, demanding that the clerk be ordered to cancel and erase those liens from the mortgage records of his office. Our Supreme Court held that the purpose of .Act 246 of 1926 was to enable a contractor on private works to substitute a surety bond to “take the place of the liens,” and upon furnishing such a bond to have the liens cancelled. It accordingly affirmed the judgment of the trial court which directed the clerk of court to cancel and erase from the mortgage records the materialman’s liens which had been filed against the private work. The court said:
“to effectuate the objects for which they were enacted, the statutes, one covering contracts for private work and the other contracts for public work, authorize contractors to convert claims secured by liens recorded in the clerk’s office into claims secured by bonds filed in the clerk’s office. The bonds take the place of the liens and since the lienors are protected by the bonds, no useful purpose could be served by permitting the claims recorded against the contractor to remain uncancelled on the public records.
******
In the present case the clerk of court has been furnished by the plaintiff with good and solvent surety bonds in amounts equal to, plus one-fourth, each of the liens or claims filed against the work, as provided by Act 246 of 1926. It appearing that the Great American Bonding Company, the surety on the bonds furnished by the plaintiff and filed in the clerk’s office, is an insurance and bonding company qualified and authorized to do business in this State, we see no reason why the defendant clerk of court should not erase from the records of his office the liens recorded against plaintiffs work and thereafter issue a clear lien certificate." (emphasis added)
Substantially the same rule was applied by the Supreme Court in Pittman Bros. Const. Co. v. First Sewerage District of *344 Lake Charles, 193 La. 307, 190 So. 563, which related to a contract for public works and involved an interpretation of Act 248 of 1926 (now LSA-R.S. 9:4941).
We think the rule applied in the Watson case, supra, is applicable here. Although LSA-R.S. 9:4842, like the statute which was interpreted in the Watson case, does not specifically provide that the previously' recorded liens are to be cancelled after a bond is furnished, the obvious purpose of LSA-R.S. 9:4842 is to enable the owner of the property to furnish a bond in lieu of, and as a substitute for, the liens and privileges affecting that property, and thus to get the liens cancelled and erased from the mortgage records and to have the title to his property cleared from any such encumbrances. The requirement in LSA-R.S. 9:4812 that the lien be reinscribed within one year intervals clearly is for the purpose of preserving the privilege on the property and providing notice to third parties dealing with that property of the fact that the property is burdened with such liens or privileges. As observed by the Supreme Court in Lumber Products, Inc. v. Crochet, supra, “third parties expect any evidence of this privilege or its reinscription to appear of record within one year prior to their search of the public records.” Where a bond has been furnished, however, there no longer exists any privilege or lien on the property, and thus it not only is unnecessary to reinscribe the lien but it would defeat the purpose of LSA-R.S. 9 :4841 and 9:4842 if the claimant should be permitted to maintain or to reinscribe his lien in the mortgage records.
Upon furnishing an adequate bond, as provided in LSA-R.S. 9:4842, we think the owner has the right to have the liens can-celled and erased from the mortgage records, just as a contractor who furnishes a bond under LSA-R.S. 9:4841 has the right to do. And, since the furnishing of such a bond by the owner entitles him to have the liens cancelled, it necessarily follows that the lien claimant has no right, much less a duty, to have the lien rein-scribed at any time thereafter.
We do not consider the cases of Lumber Products, Inc. v. Crochet, and Abry Bros., Inc. v. Tillman, supra, both of which cases were cited by the learned trial judge, to be applicable here. A bond was furnished in lieu of the lien in the instant suit, while no bond of any kind was furnished in either of the cited cases. The present suit was instituted within the one year period provided by LSA-R.S. 9:4812, while each of the two cited cases were filed after that one year period had elapsed. The principal question presented in each of the cited cases was whether the lien claimant’s in rem action had been lost by prescription since the suit was not instituted within one year from the time the lien was originally recorded, and the court upheld the plea of prescription in spite of the fact that the lien had been reinscribed. No such question was presented in the instant suit, because the suit was filed within that one year period. The facts and issues presented in the instant suit, therefore, are materially different from those presented in the cited cases. The issue presented here, that is, whether it is essential for the preservation of the claimant’s rights that the lien be re-inscribed, pursuant to LSA-R.S. 9:4812, even after a bond has been furnished, was not presented or considered in either of the cases just discussed.
The Supreme Court did observe by way of dictum in the Crochet case, supra, that the instituting of a suit by the lienor does-not interrupt the running of prescription on the privilege itself, and that it is necessary for the lienor to reinscribe the lien-within one year intervals to preserve his. privilege on the property, even though a timely filed suit should be pending. We think that statement is consistent with the established jurisprudence of this state, although no issue to that effect was presented in that case. See Shreveport Long Leaf *345 Lumber Co., Inc. v. Wilson, et al., 195 La. 814, 197 So. 566. But we also think no such issue is presented here, because a bond lias been substituted for this lien and the claimant no longer has a lien or privilege which could be asserted against the property.
Our conclusion is that when a bond is furnished under the provisions of LSA-R.S. 9:4842, the bond operates as a substitute for the lien or privilege which theretofore affected the property. After an adequate bond has been furnished, as provided in that section of the Revised Statute, any party at interest has the right to have the lien cancelled from the mortgage records, and it is unnecessary for the lienor to reinscribe his lien in the mortgage rec•ords in order to preserve his right to be paid ■out of and from the “bond” in preference to others. If the suit is timely filed and the claimant succeeds in establishing his claim, then he is entitled to judgment ordering that the amount due be paid by the surety on the bond or from the funds deposited in the registry of the court, even though the judgment should be rendered more than one year after the lien was initially recorded and the lien may not have been reinscribed within that time.
For the reasons herein assigned, that portion of the judgment appealed from which orders the clerk of court to return to plaintiffs, Edward Cormier and Eldalene C. Todd, the sum of $5625.00, which he is holding in the registry of the court, is reversed. All of the remaining portions of said judgment, including that which orders the clerk of court to cancel and erase the above described lien from the mortgage records of his office, are affirmed. All costs of this suit and of this appeal arc assessed to plaintiffs-appellees.
Affirmed in part, and reversed in part.