272 So.2d 778 (1973)
Thomas F. WEBB, d/b/a Web-Kote Industrial & Commercial Painting Contractors, Plaintiff-Appellee,
v.
Sam D. SONNIER et al., (Travelers Indemnity Company), Defendant-Appellant.
No. 4079.
Court of Appeal of Louisiana, Third Circuit.
January 29, 1973.
Holt & Woodley, by James E. Williams, Lake Charles, for defendant-appellant.
W. Ellis Bond, Lake Charles, for plaintiff-appellee.
Before SAVOY, CULPEPPER and MILLER, JJ.
SAVOY, Judge.
This suit was filed by Thomas Webb, d/b/a Web-Kote Industrial and Commercial *779 Painting Contractors, against Sam D. Sonnier, for supplies, labor, materials and services performed on the Downtowner Motor Inn in Lake Charles, Louisiana. Plaintiff sought to recover the amount of $7,119.52 for these services, which amount was granted by the trial judge.
These services, classified as "extras", were performed by plaintiff during the months of March and April of 1970. A receipt and release dated May 14, 1970, was executed between plaintiff and defendant, Sonnier, acknowledging receipt of $5,262.13 in payment of all services, labor, and material delivered to and furnished the Downtowner Motor Inn, except for retainage in the amount of $2,200.00. A labor and materialman's lien was recorded in Calcasieu Parish by plaintiff on May 21, 1970. Subsequently, on August 10, 1970, the instant suit was filed.
A lien bond, recorded August 28, 1970, by Miller and Associates Construction Company, Inc. and W. Y. Construction Company, Inc. as principals, and Travelers Indemnity Company as Surety, was substituted for the lien, which was cancelled by the Clerk of Court on June 4, 1971. The signers of the lien bond were made defendants in this suit by a supplemental and amending petition filed by plaintiff. A second supplemental and amending petition was filed setting forth allegations that the total cost of services rendered by plaintiff was $48,425.52, and that a total of $41,306.00 was paid, leaving a balance due of $7,119.52. Sam D. Sonnier was released by plaintiff from the suit.
A peremptory exception of prescription and/or peremption filed by Travelers Indemnity Company on July 22, 1971, was denied by the trial court.
A trial on the merits was had on January 14, 1972, resulting in a judgment for plaintiff in the amount of $7,119.52, together with 5% interest from date of judicial demand, and for all costs of the proceedings. From this judgment defendant Travelers has appealed to this Court.
Defendant alleges that the trial judge erred in overruling the exception of prescription and/or peremption; and in allowing parol evidence to be introduced.
The exception was filed because plaintiff failed to record a notice of the filing of the suit within one year from the date of the recordation of the inscription of the lien, as set forth in LSA-R.S. 9:4802, paragraph 2. This article states:
"The claim recorded as above set forth, shall preserve the privilege against the property for a period of one year from the date of its recordation and may be enforced by a civil action by any court of competent jurisdiction in the parish in which the land is situated and such cause of action shall prescribe within one year from the date of the recordation of the claim in the mortgage records of the office of the clerk of court or recorder of mortgages. The effect of the recordation of the claim shall cease and the privilege preserved by this recordation shall perempt unless a notice of filing of suit (giving the name of the court, the title and number of the proceedings and date of filing, a description of the property and a reference to the recorded contract), on said claim is recorded within one year from the date of the recordation of the inscription of the said claim. Such notice of filing suit shall preserve the privilege until the court in which the suit is filed shall order the cancellation of the inscription of the said claim and the notice of filing of suit on said claim or until the claimant authorizes the clerk of court or recorder of mortgages to cancel the said inscriptions."
The purpose of this notice of lis pendens is two-fold. One, to preserve the privilege against the property; and two, to alert third parties of the liens or privileges burdening the property. If a notice of suit is filed, it would be cancelled when (1) the court orders the inscription of the claim and lis pendens cancelled (LSA-R.S. 9:4802); (2) the claimant himself authorizes *780 the recorder or clerk of court to cancel these inscriptions (LSA-R.S. 9:4802); or (3) the claim is bonded out (LSA-R.S. 9:4841LSA-R.S. 9:4842).
The first two reasons for cancellation are self-explanatory. Why would the notice be cancelled if the claim is bonded out? Cormier v. Pitre, 182 So.2d 340, (La.App. 3 Cir. 1966).
In Cormier, supra, a materialman's lien and law suit were timely filed. A lien bond was substituted for the lien shortly thereafter. The lien was not timely reinscribed according to the statute, and suit was instituted to cancel the lien for this failure. Judge Hood stated, "After an adequate bond has been furnished, as provided in that section of the Revised Statute, any party at interest has the right to have the lien cancelled from the mortgage records * * *" because "a bond has been substituted for this lien, and the claimant no longer has a lien or privilege which could be asserted against the property". Thus, this case held that since no privilege existed against the property because the bond was substituted against the lien, reinscription was not necessary to preserve the claimant's rights "to be paid out of and from the `bond' in preference to others."
In our factual situation, notice of filing suit is at issuenot reinscription. We feel it was the intent of the legislators to substitute the requirement of a notice of filing suit for reinscription which requirement would preserve any existing privilege against the property.
Our conclusion is that when suit is filed within the prescriptive period and a lien bond is substituted for the lien within one year from the recordation, no notice of filing suit is required. Accordingly, we affirm the trial judge's decision overruling defendant's exception.
The admission of parol evidence by the trial court was defendant's second argument for reversal of the lower court's decision. Defendant sought to evade liability on the theory that the release was clear and unambiguous in its terms, clearly setting forth the intention of the parties, thus barring plaintiff's claim.
Plaintiff testified that the document was prepared by Mr. Fred Martin, a representative of Sam Sonnier. Martin was advised by plaintiff that extras were performed on the job. Plaintiff further testified the document did not contemplate the extras on the job; that Martin and he understood clearly that the document had nothing to do with the extras; that Martin stated the document did not pertain to the extras; and that Martin gave plaintiff assurances that the signing of the release would still entitle him to additional liens for the additional work. Plaintiff understood at the time the document was signed that he was reserving a right for a lien against any extra work that he may have.
Fred Martin testified that plaintiff asked him if the document included any extras which plaintiff had. Martin also testified that he definitely remembers telling plaintiff that the document did not cover any extras with Miller Construction Company.
Title XVII of our Civil Code, containing Articles 3071-3083, sets forth the law affecting transactions and compromises. LSA-C.C. Article 3078 states, "Transactions have, between the interested parties, a force equal to the authority of the things adjudged. They can not be attacked on account of any error in law or any lesion * * *." LSA-C.C. Article 3079 states, "* * a transaction may be rescinded notwithstanding, whenever there exists an error in the person or on the matter in dispute * * * when there exists fraud or violence." LSA-C.C. Article 3073 limits the effects of such compromises only to matters which "appear clearly to be comprehended in them by the intention of the parties." Parol evidence may be received to show the circumstances under which the release was executed and the true intentions of the parties. American *781 Metal Window Company v. St. Tammany Parish School Board, 183 So.2d 667 (La. App. 1 Cir. 1966); Wise v. Prescott, 244 La. 157, 151 So.2d 356; and Moak v. American Automobile Insurance Company, 242 La. 160, 134 So.2d 911. Also, to show fraud, mistake, illegality, want or failure of consideration, to explain an ambiguity when such explanation is not inconsistent with the written terms, or to show that the writing is only a part of an entire oral contract between the parties. Hyatt v. Hartford Accident & Indemnity Company, 225 So.2d 102 (La.App. 3 Cir. 1969); and Gulf States Finance Corporation v. Airline Auto Sales, Inc., 248 La. 591, 181 So.2d 36.
The cited Civil Code articles and cases clearly show the trial judge was correct in admitting parol evidence to show that the release did not include the extras which plaintiff had performed on the property involved herein. In our opinion, the parol evidence was admissible for this purpose.
For the reasons assigned the judgment of the district court is affirmed at appellant's costs.
Affirmed.