FORET, Judge.
Monies Lumber Company, Inc. (Plaintiff) brought this action to enforce a material-man’s lien and to recover $12,077.87, together with interest and attorney’s fees. Defendants are Village Du Lac, Inc. (Village); Southern Builders, Inc. (Southern); and Highlands Insurance Company (Highlands).
Village filed an exception of no cause of action which was sustained by the trial court. Plaintiff appeals from the trial court’s judgment.
FACTS
Village (as owner) and Southern (as general contractor) entered into a “U.S. Department of Housing and Urban Development Construction Contract — Cost-Plus” on January 3,1979 for construction work to be performed on land owned by Village. The construction work consisted of the erection of buildings and improvements.
Southern subcontracted some of the work to American Real Estate and Development Corporation (American) which is presently involved in bankruptcy proceedings in Federal court. Plaintiff sold various building materials to American for its use in performing under the subcontract with Southern. American owed plaintiff $12,077.87 for these materials at the time it filed for bankruptcy.
Plaintiff instituted this action on May 27, 1980, alleging that defendants are liable, in solido, for the amount owed it by American. Village filed a peremptory exception on June 18, 1980, alleging that plaintiff’s petition failed to state a cause of action against it. The trial court sustained the exception and plaintiff was granted a devolutive appeal.
Plaintiff’s petition alleged in substance:
That Village was the owner of certain land situated in Lafayette Parish, Louisiana; that Village and Southern entered into a contract under which Southern would construct buildings and improvements on that land; that the contract between Village and Southern had been filed in the office of the Clerk of Court for Lafayette Parish; that a performance bond had been executed by Southern in which Highlands appeared as the surety thereto; that the performance bond had been filed in the office of the Clerk of Court for Lafayette Parish; that American was hired by Southern as a subcontractor to perform certain work in connection with the above mentioned construction; that plaintiff had sold and delivered building materials to American for use in performing its subcontract with Southern; that American had failed to pay for all of these materials and had filed for bankruptcy; that Southern, with Highlands as surety, had executed a bond in the sum of $15,097.34 in favor of the Clerk of Court of Lafayette Parish and the plaintiff; that the last performance of labor on the above mentioned construction had not yet occurred, nor had the contract been accepted by Village, nor had there been a notice of default; and, that plaintiff had a lien and privilege on the above mentioned land, buildings and improvements.
Village’s exception of no cause of action was based on plaintiff’s allegations that Southern and Highlands had executed a bond in favor of the Clerk of Court of Lafayette Parish and plaintiff in the sum of $15,097.34, and further that the contract between Southern and Village and the performance bond executed by Southern, with Highlands as surety, had both been filed in the office of the Clerk of Court for Lafayette Parish.
NO CAUSE OF ACTION
Plaintiff argues that the trial court erroneously sustained Village’s peremptory exception of no cause of action. Plaintiff contends that the factual allegations of its petition disclose a cause of action against Village under the provisions of the “Private Works Act” (LSA-R.S. 9:4801 et seq.).
*749 The peremptory exception of no cause of action tests the legal sufficiency of the petition and is triable on the face of the pleadings. For the purpose of determining the validity of the exception, all well-pleaded allegations of fact are accepted as true, and if the allegations set forth a cause of action as to any part of the demand, the exception must be overruled. Haskins v. Clary, 346 So.2d 193 (La.1977); Pence v. Ketchum, 326 So.2d 831 (La.1976); Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975); Louisiana State Board of Medical Examiners v. England, 252 La. 1000, 215 So.2d 640 (1968). Liberal rules of pleading prevail in Louisiana and each pleading should be so construed as to do substantial justice. Haskins v. Clary, supra; LSA-C.C.P. Article 865; Pence v. Ketchum, supra; Eschete v. City of New Orleans, 258 La. 133, 245 So.2d 383 (1971). When it can reasonably do so, the court should maintain a petition so as to afford the litigant an opportunity to present his evidence. Haskins v. Clary, supra; Pence v. Ketchum, supra; Hero Lands Company v. Texaco, Inc., supra; Eschete v. City of New Orleans, supra; Erath Sugar Company v. Broussard, 240 La. 949, 125 So.2d 776 (1961).
Plaintiff argues that it alleged in its petition that on November 20, 1979, it timely filed a sworn statement showing the total amount of its claim in, the office of the Clerk of Court for Lafayette Parish and served upon Village a sworn detailed statement of its claim by certified mail, all in accordance with LSA-R.S. 9:4802[1]. Therefore, plaintiff argues that it properly recorded its privilege on the land owned by Village, together with the buildings and improvements located thereon. LSA-R.S. 9:4801[2].
However, we note that LSA-R.S. 9:4802(C) provides
“C. The foregoing provisions shall not in any way interfere with or abrogate the right given a contractor under R.S. 9:4841 or an owner under R.S. 9:4842 to bond out any claim or claims recorded, nor shall said provisions apply to any claims recorded or lawsuits existing on July 27, 1966.”
Plaintiff alleges in paragraph 17 of its petition that:
17
“On November 27, 1979, under Act No. 79-30117, of the Office of the Clerk of Court for Lafayette Parish, SOUTHERN *750 BUILDERS, INC., and HIGHLANDS INSURANCE COMPANY as surety filed a bond dated November 26, 1979, in favor of the said Clerk of Court and MONIES LUMBER COMPANY, INC., in the sum of Fifteen Thousand Ninety-seven and M/m Dollars ($15,097.34).” [3]
Therefore, accepting the allegations of paragraph 17 of plaintiff’s petition as true, Southern (the general contractor) had bonded plaintiff’s claims which were recorded against the property owned by Village, pri- or to May 27, 1980, the date on which plaintiff filed this suit.
The Supreme Court, in State ex rel. Pittman Brothers Construction Co. v. Watson, 199 La. 623, 6 So.2d 709 (1942), had occasion to interpret Act 246 of 1926, which is the source provision of LSA-R.S. 9:4841, supra. That Court stated, 6 So.2d, on page 712, that:
“The purpose of the companion legislative Acts Nos. 246 and 248 of 1926 was to provide a method by which contractors on private and public works, by substituting surety bonds in lieu of liens recorded against their work, might obtain the release of funds held by the owners to meet the claims secured by the liens. Certainly it was not the intention of the members of the legislature in enacting those statutes for the relief of contractors that a claim against them should be secured by both a bond and a lien. If such a construction were placed upon the statutes, it would utterly destroy the purpose for which they were enacted, since it is plain that no contractor would avail himself of the right given him by law to bond a claim secured by a lien unless the giving of the bond would have the effect of removing the lien and thereby enable him to obtain payment of the amount due by the owner of the work.
To effectuate the objects for which they were enacted, the statutes, one covering contracts for private work and the other contracts for public work, authorize contractors to convert claims secured by liens recorded in the clerk’s office into claims secured by bonds filed in the clerk’s office. The bonds take the place of the liens and since the lienors are protected by the bonds, no useful purpose could be served by permitting the claims recorded against the contractor to remain uncancelled on the public records.”
See also Cormier v. Pitre, 182 So.2d 340 (La.App. 3 Cir. 1966), writ denied, 184 So.2d 24 (La.1966); Brunet v. Justice, 264 So.2d 743 (La.App. 4 Cir. 1972), writ denied, 266 So.2d 451 (La.1972).
We hold that plaintiff’s petition fails to state a cause of action against the property (in rem) owned by Village as the bond provided by Southern, with Highlands as surety, was substituted for the liens which plaintiff had properly recorded against the property.
Plaintiff then cites LSA-R.S. 9:4806 and argues that under that statute it has a cause of action (in personam) against Village (owner) who is personally liable for its claims. LSA-R.S. 9:4806 provides, in pertinent part:
“§ 4806. Owner’s personal liability
If the bond is found to be insufficient in amount or not to have a proper and solvent surety, or if no bond has been furnished or recorded within the time hereinbefore provided, but the contract has been fully recorded, the owner shall be personally liable to sub-contractors, journeymen, cartmen, workmen, laborers, *751 mechanics, furnishers of material, or any other persons furnishing labor, skill, or material on the said work who recorded and served their claims as provided in R.S. 9:4802, to the same extent as is the contractor, and the said personal liability as well as the privilege hereinabove provided for, shall remain in full force and effect for one year from the date of filing of such claim, and said privilege shall preempt after said time, unless notice of filing of suit is recorded in accordance with R.S. 9:4802.” (Emphasis ours.)
There are no allegations in plaintiff’s petition that the performance bond executed by Southern, with Highlands as surety, was insufficient in amount or without a proper and solvent surety, or that the bond had been untimely recorded. On the contrary, plaintiff alleges in paragraphs 6 and 12 of its petition that:
6
“On January 3, 1979, VILLAGE DU LAC, INC., and SOUTHERN BUILDERS, INC., entered into a “U. S. Department of Housing and Urban Development Construction Contract — Cost-Plus” for construction work to be carried out on the property described in the paragraph above, all as more fully set forth in said ‘Construction Contract’ which is recorded in the office of the Clerk of Court for the Parish of Lafayette, Louisiana, under File No. 79-000169.” (Emphasis ours.)

12
“A ‘U. S. Department of Housing And Urban Development Performance-Payment Bond (Dual Obligee)’ in which HIGHLANDS INSURANCE COMPANY appeared as surety on behalf of SOUTHERN BUILDERS, INC., for the full amount of the ‘Construction Contract’ was included in the document recorded in the Office of the Clerk of Court for the Parish of Lafayette, Louisiana, under File No. 79-000169." (Emphasis ours.)
We find that, accepting the above mentioned allegations of plaintiff’s petition as true, plaintiff has failed to state a cause of action (in personam) against Village.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
All costs of this appeal are assessed against plaintiff-appellant.

AFFIRMED.

. LSA-R.S. 9:4802 provides, in pertinent part:
“.. .. Every person having a claim against the undertaker, general contractor, subcontractor, master mechanic, engineer, or other person undertaking the work, shall serve upon the owner a sworn detailed statement of his claim, which service shall be effected by personal service, registered mail, or certified mail and shall record a sworn statement showing the total amount of his claim in the office of the clerk of court or recorder of mortgages for the parish in which the sad work has been done, which service and recordation shall be made not later than thirty days after recordation in the office of the clerk of court or recorder of mortgages of said parish of notice of acceptance by the owner of the said work, or notice by the owner of the default of the said undertaker, contractor, master mechanic, or engineer, or other person undertaking such work. ...”

. LSA-R.S. 9:4801(A) provides:
“§ 4801. Privilege on immovables for labor and materials; rank
A. Every contractor, subcontractor, architect, engineer, registered land surveyor, master-mechanic, mechanic, cartman, truckman, workman, laborer, or furnisher of material, machinery, or fixtures, exclusive of anyone who rents or leases movable property whose rights shall be governed by the provisions of R.S. 9:4801.1, who performs work or furnishes material for the erection, construction, repair, or improvement of immovable property, or who furnishes oil, gas, electricity, or other materials or supplies for use in machines used in or in connection with the erection, construction, repair, or improvement of any building, structure, or other immovable property, with the consent or at the request of the owner thereof, or his authorized agent or representative or of any person with whom the owner has contracted for such work, has a privilege for the payment in principal and interest of such work or labor performed, or the materials, machinery or fixtures furnished, and for the cost of recording such privilege, upon the land and improvements on which the work or labor has been done, or the materials, machinery, or fixtures furnished.”

. LSA-R.S. 9:4841 provides:
“§ 4841. Contractor may bond claims
When any contractor shall have entered into a contract to perform private works under the laws of this state governing the letting and awarding of such contracts and in conformity with the requirements thereof, the contractor shall have the right to bond any claim or claims which may be filed or recorded against the said work by depositing with the clerk of court of the parish in which such claims are filed or recorded a bond with surety signed by any surety company authorized to do business in the state for an amount equal to the claim plus one-fourth. The bond shall be approved by the clerk of court conditioned that in the event the legality of such claim or claims is established by suit or otherwise, the bond shall remain in full force and effect to protect the interest of the claimant in the premises.”