YELYERTON, Judge.
The issue here is whether the trial court was correct in dismissing a third party demand upon the third party defendant’s exception of no cause of action. We conclude that the trial court was correct and we affirm.
The principal demand is a suit in quanti minoris brought by the purchaser of a residence against the sellers. It is based upon alleged termite damage discovered shortly after the sale. The principal demand seeks reduction of the purchase price by the amount required to repair this damage.
The following activity then occurred in the third party arena. The defendants-sellers filed a third party demand against Stanley McKenzie, d/b/a McKenzie Pest Control, alleging they paid for an inspection (and treatment against future termites) and that McKenzie certified to FHA and also to the sellers and the buyer that the house was free of termites. The sellers accordingly demanded recovery from McKenzie for any amount for which they might be found liable to the purchaser.
The next pleading was the third party demand which is the subject matter of this appeal. McKenzie Pest Control sued Abel-man and Associates, Realtors. The allegations forming the basis for this demand (the only allegations we are permitted to consider in testing whether a cause of action is stated) are here quoted:
“18.
Made third party defendant herein is Ableman’s [sic] and Associates realtors.
“19.
In April, 1979, third party plaintiff was contacted by an individual employed by third party defendant Abelman and Associates with respect to the inspection and treatment of a house located at 716 West Hale Street in Lake Charles, Louisiana.
“20.
After an individual with the third party plaintiff had gone to the house and found that there was a great deal of water underneath the house, such information was relayed to third party defendant.
“21.
Third party plaintiff did not see any sign of termite damage but did find some dry rot or wood rot damage and never found any active infestation.
“22.
On information and belief, your third party plaintiff states that third party defendant Ableman and Associates had full information as to the nature of inspection and treatment and that if there was any damage to the house, this was well within the knowledge of Ableman and Associates and that said third party defendants failed to properly inform the parties to the act of sale of such situation, if such situation did actually exist.
“23.
Therefore, if liability should be found against third party plaintiff, Stanley McKenzie d/b/a McKenzie Pest Control, then said third party plaintiff should be held harmless and indemnified by third party defendant for the full amount of any judgment that may be cast, and for all interest, costs, and attorneys fees.”
We agree with the trial court that this third party petition does not state a cause of action by McKenzie Pest Control against Abelman and Associates. The demand filed by McKenzie is a demand against a third party. The procedure and requirements for institution of such demand are embodied in Code of Civil Procedure Articles 1111 et seq. In order to state a cause of action for relief against a third party under C.C.P. art. 1111, the defendant in the principal action, or third party action, must allege facts showing that such third party is a warrantor or that such party is liable to him for all or part of the principal *719 demand. Toledo Bend Proprietors v. Sabine River Authority, 395 So.2d 429 (La.App. 3rd Cir.1981), writ denied 400 So.2d 903 (La.1981).
In his third party demand McKenzie does not allege any facts showing that Abelman is his warrantor or that Abelman is liable to him for all or part of the principal demand. There is no allegation that there was a contract between McKenzie and Abelman. There is no allegation on which any conceivable contractual obligation can be discerned which might make Abelman responsible for the incompleteness or inaccuracy of McKenzie’s inspection.
Nor is a cause of action stated in tort. If McKenzie is ultimately found responsible to the sellers, based on this third party petition it will not be because of something Abelman did or did not do. There are no facts pleaded on which Abel-man can be blamed if the inspection was incomplete or inaccurate. Abelman owed no duty to McKenzie to protect him from damages resulting from his own wrongdoing. If, as is intimated in the pleadings and in appellant’s brief, the execution of the negative termite certificate was done without an inspection but in anticipation that one would be made later and that it would be negative for termites, and that both McKenzie and Abelman had knowledge'of this, then it might be said that both these parties had a duty to inform the sellers and the purchaser before the sale. However, if that was the case, then the duties were independently owed by these parties, and while the discharge of its duty by one would have enured to the benefit of the other, the neglect of the discharge by one did not free the other of his obligation.
Appellant relies on former La.R.S. 37:1447 which, as interpreted by Guidry v. Barras, 368 So.2d 1129 (La.App. 3rd Cir. 1979), provided a statutory cause of action against a real estate broker, in favor of either the seller or the buyer, for damages caused by any wrongful act or by any fraud or misrepresentation by the broker or his salesman. We need not concern ourselves with whether the duty created by that statute might extend to a third person such as McKenzie here, because we note that R.S. 37:1447 no longer exists. By Act 514 of 1978 the Legislature amended and re-enacted certain statutes relating to realtors and R.S. 37:1447 was omitted in its entirety.
We have considered this third party petition in light of the liberal interpretation we are required to give it. LSA-C.C.P. Article 865. Monies Lumber Company, Inc. v. Village DuLac, Inc., 399 So.2d 747 (La.App. 3rd Cir.1981). Because appellant complains on appeal that he should have been allowed to amend his petition to state a cause of action, we have carefully considered the arguments made in his appellate brief concerning matters which do not appear in the third party petition, to determine whether the grounds of the objection pleaded by the exception of no cause of action could be removed by amendment, as provided by LSA-C.C.P. Article 934. We have reached the conclusion that the grounds cannot be removed by amendment.
For the above reasons, the judgment of the trial court dismissing third party plaintiff’s demands is affirmed. Costs of this appeal are to be paid by appellant.
AFFIRMED.