613 So.2d 1064 (1993)
James R. DOIRON and Geraldine E. Doiron, Plaintiffs-Appellees,
v.
SOUTHERN SILICA OF LOUISIANA, et al., Defendants-Appellees.
No. 91-1385.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1993.
Rehearing Denied March 22, 1993.
Baggett, McCall & Burgess by William B. Baggett, Roger G. Burgess, Lake Charles, for plaintiffs.
Pitre, Yoes, Kay & Halley by Henry E. Yoes, III, Blaine A. Doucet, Mesonie T. Halley, Jr., Lake Charles, for Clemtex, Ltd.
Guillory & McCall by Robert E. Guillory, Jr., Lake Charles, for Fireman's Fund Ins. Co.
Weller, Wheelus & Green by David L. Tolin, Beaumont, TX, for Fibreboard Corp. and Pittsburgh Corning Corp.
Forman, Perry, Watkins & Krutz by Richard L. Forman, Ronald D. Collins, John D. Cosmich, Jackson, MS, Bergstedt & Mount by Thomas M. Bergstedt, Lake Charles, for Owens-Illinois, Inc., and Keene Corp.
Kirkland, Barfield & Panter by Thomas L. Kirkland, Jr., David A. Barfield, Jackson, MS, for ACandS.
Stockwell, Sievert, Viccellio, Clements & Shaddock by Emmett C. Sole, John Bradford, Thomas G. Henning, Paul L. Veasey, Jr., Lake Charles, for Pangborn Corp., Davey Compressors, Hartford Acc. & Indem. Co., Aetna Cas. & Sur. Co., Travelers Indem. Co., PPG Industries, Inc., Murray Davis, Les Wilcox, Ben Walker, Shadye Paulk, Bob Moss, Joe Galanie, Will Lawrence, Don Savoy.
Simon, Peragine, Smith & Redfearn by Daniel J. Caruso, Elizabeth Reidy Leach, New Orleans, for DeVilbiss Co.
DeMartini, LeBlanc, D'Aquila & Volk by Jerome M. Volk, Jr., Mark J. Armato, Kenner, for Liberty Mut. Ins. Co.
*1065 Landry, Watkins & Bonin by Nan M. Landry, New Iberia, for Empire Abrasive Equipment Co.
Brame, Bergstedt & Brame by J. Gregory Bergstedt, Lake Charles, for Broth. of Painters and Decorators Allied Trades Local 783.
Hulse, Nelson & Wanek by Craig R. Nelson, New Orleans, for Clemco Industries, Inc., E.D. Bullard Co.
Lemle, Kelleher, Kohlmeyer, Dennery, Hunley, Moss & Frilot by Michael T. Cali, John J. Hainkel, III, Francis B. Mulhall, New Orleans, for Goodyear Tire and Rubber Co.
Raggio, Cappel, Chozen & Berniard by M. Keith Prudhomme, Frederick L. Cappel, Lake Charles, for Thornstenberg Materials Co., Inc.
Duplass, Witman & Zwain by Gary M. Zwain, Metairie, for Pulmosan Safety Equipment Corp.
Carmouche Law Firm by David R. Frohn, Lake Charles, for Mine Safety Appliances Co.
Preis, Kraft, Laborde & Daigle by Christopher R. Phillip, Edwin G. Preis, Gregory J. Laborde, Jeansonne & Briney by Katherine Loos, Lafayette, for Southern Silica of La., Inc.
Benckenstein, Oxford, Radford & Johnson by William M. Tolin, III, Beaumont, TX, for Big Three Industries, a/k/a Sanstorm.
Watson, Blanche, Wilson & Posner by Mary H. Thompson, Baton Rouge, for Sullair Corp.
Christovich & Kearney by Geoffrey P. Snodgrass, New Orleans, for ACandS.
Plauche, Smith & Nieset by Christopher P. Ieyoub, James R. Nieset, Lake Charles, for Specialty Sand Co.
Pugh & Boudreaux by James R. Shelton, Lafayette, for Northwest Min. Corp. and Travelers Ins. Co.
Allen, Gooch, Bourgeois, Breaux, Robison and Theunissen by St. Paul Bourgeois, IV, Jere Jay Bice, Lafayette, for Bob Schmidt, Inc.
Taylor, Porter, Brooks & Phillips by John I. Moore, John Michael Parker, Baton Rouge, for L.L. Sline, Charles E. Fox, Dennis R. Lack, Roy R. Brock, Gene E. Miller, M.R. Sline, David Earle, Sherbert "Red" Richards and Marvin Zoch.
Jones, Tete, Nolen, Hanchey, Swift & Spears by Kenneth R. Spears, Gregory W. Belfour, William B. Swift, William R. Tete, Lake Charles, for Oxy Oil & Gas USA, Inc., Ins. Co. of North America and Cities Service Co.
Henderson, Hanemann & Morris by Charles Hanemann, Houma, for Minnesota Min. and Mfg. Company.
Simon Peragine, Smith & Redfearn by Daniel J. Caruso, Daniel Lund, III, Maurice E. Bostick, New Orleans, for Pennsylvania Glass & Sand.
Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell by Rebecca F. Doherty, Patrick J. Hanna, Lafayette, for Lone Star Industries.
Edward H. Green, Beaumont, TX, for Pittsburgh Corning Corp.
Stephen P. Hall, New Orleans, for Lloyds of London.
Deutsch, Kerrigan & Stiles by Janet L. MacDonell, New Orleans, for Armstrong World Industries Inc., Flexitallic Gasket Inc., GAF Corp., Nat. Gypsum Co., Quigley Co., U.S. Gypsum Co., and Turner & Newell PLC.
Maria I.O. Stephenson, Lisa C. Matthews, Earl N. Vaughan, New Orleans, for Rock Wool Mfg., Inc.
Gregory E. Bodin, Lafayette, for Sline Indust. Painters Executive Officers and Gene E. Miller.
Galloway, Johnson, Tompkins & Burr by Larry Canada, New Orleans, for Combustion Engineering, Inc.
Laborde & Neuner by James L. Pate, Ben L. Mayeaux, Lafayette, for Binks Mfg. Co. and M.H. Detrick Co., Grant Wilson Inc.
Scofield, Gerard, Veron, Hoskins & Soileau by John R. Pohorelsky, Lake Charles, for Reliance Ins. Co.
*1066 Abbott, Webb, Best & Meeks by Lawrence E. Abbott, Gary P. Landry, New Orleans, for E.I. duPont de Nemours and Co., Inc.
Lozes, Cooper & Cambre by John J. Cooper, New Orleans, for Joy Mfg. Co.
Adams & Reese by Edward J. Rice, Jr., Rebecca A. Bush, New Orleans, for Vallen Corp.
Juneau, Judice, Hill & Adley by Marc W. Judice, Kathleen F. Drew, Lafayette, for H.K. Porter Co., Inc.
O'Neil, Eichin, Miller & Breckinridge by Lindsay A. Larson, III, New Orleans, for Davey Compressors Co.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre by William Joyce, Donald O. Collins, Vivian L. Madison, New Orleans, for Ingersoll Rand Co. and Aetna Life and Cas. Co.
Caffery, Oubre, Dugas & Campbell by David Dugas, New Iberia, for Gustin-Bacon.
Guillory & McCall by William T. McCall, Lake Charles, for Ins. of North America.
Lawrence G. Pugh, III, New Orleans, for Carey-Canada Inc.
Alan Weinberger, New Orleans, for Travelers Indem.
Before GUIDRY, STOKER and COOKS, JJ.
STOKER, Judge.
Nine cases are consolidated in this appeal. Each involves the same issues: whether the trial court had the authority to grant motions for summary judgment filed by the third party defendant, and, if it did have authority, whether the trial court erred in granting the motions for summary judgment.
In these consolidated cases, plaintiffs claim that they contracted silicosis after being exposed to silica products manufactured, distributed, or sold by various defendants. CLEMTEX, LTD. (Clemtex) was among the defendants named by the plaintiffs. In each case Clemtex filed a third party demand naming several third party defendants, including the Brotherhood of Painters and Decorators, Allied Trades, Local 783 (Union). Clemtex asserted a claim against the Union for contribution or indemnification alleging that the Union "took it upon itself to monitor the promulgation and enforcement of safety programs ... and the officers of said Union specifically knew of the hazards associated with the inhalation of crystalline-free silica ... and failed to notify its membership ... concerning said hazards." The Union filed motions for summary judgment in each case which the trial court granted. We affirm.

Trial Judge's Authority
Clemtex contends that Judge Hawsey did not have authority to rule on the motions for summary judgment, as his rulings were made pursuant to an invalid transfer and an invalid standing order, and should therefore be vacated and set aside.
The Louisiana Supreme Court issued an order dated November 20, 1990, assigning Judge L.E. Hawsey, Jr. as a judge pro tempore "to assist with the docket of [the Fourteenth Judicial District Court] due to the backlog of approximately 325 jury cases involving alleged injuries resulting from asbestos-silica and the need to facilitate the trial of these cases by the judges in whose division they are pending as well as other jury cases filed in all divisions of the Fourteenth Judicial District Court ..." On its face the supreme court's order appointed Judge Hawsey as a temporary judge with authority to act with the same authority as the elected judges of the Fourteenth Judicial District Court. The order did not provide that Judge Hawsey should preside over all asbestos-silica cases, and it did not provide that he should not preside over such cases. During the term of his appointment Judge Hawsey was simply another judge of the court on the same footing as the elected judges. With Judge Hawsey's apparent concurrence, the membership of the district court chose to have all asbestos-silica cases heard by Judge Hawsey.
By order dated December 12, 1990, the Fourteenth Judicial District Court created an Asbestos-Silica Section "for the purpose *1067 of hearing all asbestos and silica cases now pending before the Court and which may be filed with the Court in the future." The court further provided that Judge Hawsey preside over the Asbestos-Silica Section and that all asbestos and silica cases, whether assigned to a division of the court or not, would be immediately assigned and transferred to the Asbestos-Silica Section.
Pursuant to the supreme court order, Judge Hawsey issued a standing order on August 1, 1991, applicable to all asbestos-silica cases filed in the court "to establish a uniform procedure for the conduct and coordination of orderly discovery, to uniformly and consistently resolve the common issues of law in such cases, to facilitate orderly pretrial proceedings and to dispose of the cases by avoiding duplication of effort and reducing the cost of such proceedings for all litigants."
On September 13, 1991, Judge Hawsey rendered judgment in favor of the Union on its motion for summary judgment; Judge Hawsey signed the judgment on September 24, 1991.
On October 28, 1991, the Louisiana Supreme Court, ruling on a motion for clarification, instructed the Fourteenth Judicial District Court "to immediately assign judges, other than Judge Hawsey, to conduct pre-trial proceedings and to preside over the trials of the asbestos/silica cases now fixed." 588 So.2d 89. The supreme court order further provided that "Judge Hawsey is instructed to take the dockets of the assigned judges as necessary."
In our opinion, the supreme court's November 20, 1990 order did not prohibit the Fourteenth Judicial District Court from assigning Judge Hawsey to preside over all asbestos-silica cases. In light of the language in that order, we see no problem with the Fourteenth Judicial District Court's order of December 12, 1990, assigning all the asbestos-silica cases to one division over which Judge Hawsey would preside. The supreme court's clarification order of October 28, 1991, applied only to cases fixed at the date of the October 28, 1991 order and not to those previously decided. Accordingly, we find that Judge Hawsey did have authority under the supreme court's order of November 20, 1990 and the Fourteenth Judicial District Court's Order of December 12, 1990 to render the summary judgments at issue on this appeal.
Concerning the validity of Judge Hawsey's standing order, this appellate court granted a writ on October 25, 1991, holding that the standing order was invalid because Judge Hawsey did not have the authority to issue an order which purported to apply to all asbestos cases including those assigned to other judges. To the extent that the standing order might apply to asbestos-silica cases other than those before Judge Hawsey, the writ correctly stated that the standing order was invalid. However, to the extent that the standing order was to apply only to cases before Judge Hawsey (and it now appears to us that all asbestos-silica cases in the trial court were in fact before Judge Hawsey at that time), we find that the standing order was valid. In any event, the supreme court issued a writ apparently affirming in part and modifying in part the standing order.

Third Party Demand
Having decided that Judge Hawsey had authority to decide the summary judgment question raised by the Union, we now consider the merits of the granting of the motion. We hold that Clemtex failed to state a cause of action against the Union; therefore, Judge Hawsey correctly granted the motion for judgment dismissing Clemtex's third party action against the Union.
In Boyer v. Trinity Universal Ins. Co., 576 So.2d 444 (La.1991), at page 446, the Louisiana Supreme Court stated:
"A defendant in a principal action may bring in, by third party petition, any person who is his warrantor or who may be liable to him for all or part of the principal demand. La.C.C.P. art. 1111. Where a third party demand does not allege that the third party defendant is a warrantor of the third party plaintiff or is liable for all or part of the principal demand, pursuant to C.C.P. art. 1111, that third party demand fails to state a cause of action." (citations omitted).
*1068 We find no basis for holding the Union liable to Clemtex for any part of the principal demand for which Clemtex may be liable. Clemtex misapplies any duty the Union may owe to its members to promote or insure safety in the work place. Clemtex does not allege that the Union had any part of the ownership in the business operation in which the plaintiffs allege they contracted silicosis. Clemtex has not alleged that the Union had any legal control over the business operation. There is no allegation that the Union shared in the management or operation of the manufacturing process.
The purpose of the Union, as with all labor unions, is to influence employers or their management to do certain things for the benefit of the union. By whatever means it seeks to fulfill such function, a union can only exert influence. It can not control or direct. To the extent that union leadership may negotiate a contract with management to effectuate safety measures and observe certain safety procedures, the union is still only exerting its influence.
Although the Union had no direct control over, or direct responsibility for, the processes creating the hazards which might result from inhalation of crystalline-free silica, Clemtex alleges that the Union knew of the hazards and failed to notify its membership of the hazards. Assuming that the Union had a duty under tort law to inform its membership of the alleged hazards, breach of that duty can be of no comfort to Clemtex. The Union owed no duty to Clemtex to protect Clemtex from the obligation to repair damages flowing from its own wrongdoing. Barbre v. Brown, 422 So.2d 717 (La.App.3d Cir.1982). Under the circumstances alleged, the duties owed by Clemtex and the Union were independently owed by these parties. Clemtex, as the primary actor, cannot be freed of its obligation because of any neglect by the Union to advise union members of wrongdoing by Clemtex. See Barbre, supra.
Under the circumstances we can see no basis in law for holding the Union liable to Clemtex for contribution. The Clemtex third party petition does not state a cause of action. Accordingly, the trial court did not err in dismissing Clemtex Ltd.'s third party demands against the Union in the various consolidated cases considered in this opinion.

DISPOSITION
For the foregoing reasons, we affirm the judgment of the trial court in this case, Number 91-1385 on the docket of this court, dismissing the third party demand of Clemtex against the Union.[1] We assess costs of this appeal to Clemtex.
AFFIRMED.
NOTES
[1] In each of the other consolidated cases we render judgment on this same date in separate opinions.