REDMANN, Judge.
Defendant Clerk of Court appeals from a judgment in this mandamus proceeding which ordered him to return to plaintiff general contractor a bond plaintiff furnished in compliance with R.S. 9:4841, to release a subcontractor’s timely recorded building contract lien claim. At the time of filing the mandamus, over a year had passed since the recording of the lien, and no lis pendens notice had been recorded by the claimant nor had any suit on the claim been filed. Plaintiff’s position is that any action to enforce the property lien is prescribed, and accordingly any action on the bond substituted for that lien is equally prescribed.
The pertinent lien statute is R.S. 9:4812, since the general building contract was not recorded. The statute provides, in part, that the claimant may record an affidavit of his claim, and
“ * * * The said claim, recorded as aforesaid, shall preserve a privilege against the property for a period of one year from the date of its recordation, and may he enforced by a civil action in any court of competent jurisdiction in the parish in which the land is situated *745 and such cause of action shall prescribe within one year from the date of the re-cordation of the claim * * *. The effect of the recordation of the claim shall cease and the privilege preserved by the recordation shall perempt unless a notice of filing a suit * * * on said claim is recorded within one year from the date of the recordation of the inscription of said claim.
jji sjj 4 % ‡ sfc
“Any person furnishing service or material or performing any labor * * * to or for a contractor or sub-contractor, when * * * no contract has been timely recorded, shall have a personal cause of action against the owner for the amount of his claim for a period of one year from the aforesaid recordation of his claim, which cause of action shall prescribe one year after the date of said recordation. * * * ” (Emphasis added.)
It is agreed that (had there been no bond under R.S. 9:4841) both the in rem action to enforce the privilege and the in personam action against the owner would have prescribed, and the subcontractor’s only unprescribed cause of action would have been in contract against the general contractor. No one disputes that the cancellation of the lien inscription itself as perempted, under such circumstances, would not be improper (regardless of whether or not mandamus to compel “cancellation” of an unquestionably perempted inscription actually accomplishes anything of substance).
And one might presume that, had the owner furnished the bond as authorized by R.S. 9:4842, the owner’s liability on that bond (as also his surety’s) should terminate at such time as the lien claimant’s rights against the owner and his property would have expired.
But here, as authorized by § 4841, the contractor exercised his “right to bond any claim or claims which may be filed or recorded against said work” (emphasis added) by depositing with the clerk of the parish “in which such claims are filed or recorded.” (Emphasis added.)
Under that statute it is the clerk of court (appellant here) who shall approve the bond,
“conditioned that in the event the legality of such claim or claims is established by suit or otherwise, the bond shall remain in full force and effect to protect the interest of the claimant in the premises.” (Emphasis added.)
(It may be here interjected that the identical wording is found in R.S. 9:4842, authorizing the owner, as § 4841 authorizes the contractor, to bond the lien claim.)
The clerk’s argument is basically that the bond under § 4841 “convert [s] claims secured by liens recorded in the clerk’s office into claims secured by bonds filed in the clerk’s office”, quoting from State ex rel. Pittman Bros. Const. Co. v. Watson, 199 La. 623, 6 So.2d 709, 712 (1942). The clerk’s position is that the in rem liability of the owner’s property becomes, by a process characterized as “legislative novation”, the personal liability of the bond’s principal and surety, subject not to the one-year prescriptive period of R.S. 9:4812 but to the ten-year general contract prescription of C.C. art. 3S44.
The statutory wording describing the condition of a § 4841 bond, considered out of context, might lend support to the clerk’s position, at least where the bond is deposited by the contractor, against whom the subcontractor’s contractual claim is prescribed only by ten years.
But we conclude from the overall wording of § 4841 that the “claims” of which it speaks are exclusively the lien claims “filed or recorded”, and that the condition of the bond substituted for the property is only that the legality of such lien claims (and not the contractual claim against the contractor) be established by suit or otherwise.
*746 In the instant matter, unlike the § 4802 bond which bonds the contract and payment of all subcontractors etc., the contractor bonded only the lien and not a contract. Since the bond is merely another form of security substituted for the lien, no greater rights can enure to the claimant under the bond than he possessed under the lien. Accordingly the prescriptive period of one year applicable to the enforcement of the lien must also govern the duration of exposure under the bond.
The net effect of our holding is that, although the contractor remains personally liable under his contract with the subcontractor, the contractor’s § 4841 bond surety may plead prescription after the one-year period of § 4812, The § 4841 bond is a substitute for the property, but no more. When the action to enforce the privilege against the property would have prescribed, the action on the § 4841 bond will also be prescribed.
Since plaintiff has the right to urge prescription if suit on the lien claim (not the contract claim against himself) were filed, and since the action to enforce the lien is prescribed, the legality of the lien claim can never be established, and accordingly the § 4841 bond in question no longer remains in force and effect. Plaintiff should no longer be obliged to pay a premium to the surety on a bond which has long ago become unenforceable.
The judgment is affirmed.