WATSON, Justice.
This is a suit by the plaintiff subcontractor, Hauserman, Inc., against a general contractor and its surety in connection with a public works contract. The question is whether the suit has prescribed because filed more than one year after acceptance of the job by the State of Louisiana.
On May 9, 1975, Roussel-Hart General Contractors and the State of Louisiana, through the Louisiana Health and Human Resources Administration, contracted for $2,871,000 in additions and renovations to the Earl K. Long Memorial Hospital in Baton Rouge. Roussel-Hart’s surety on its performance bond was Fidelity & Deposit Company of Maryland. Subsequently, on May 12, 1975, Roussel-Hart entered into a $103,852 written subcontract with Hauser-man for the casework (cabinet work) portion of the contract.[1] Hauserman in turn subcontracted the installation of the casework to L. J. Voohries & Associates.
The State of Louisiana accepted the hospital job on May 17, 1977, and the acceptance was recorded on May 27. A portion of the casework was uncompleted because Vo-ohries had defaulted. Ray Baggs, an installation superintendent for Hauserman, testified that he contacted Roussel-Hart on November 16,1977, about what was needed to complete Hauserman’s obligation. Mr. Roussel then met Baggs in the lobby of the hospital and showed him what was required. Hauserman installed what was missing and repaired everything on the State’s punch list. The work was completed on April 4, 1978. According to George W. Roussel, managing partner of Roussel-Hart, he was broke by that time and unable to pay Hauserman.
On November 29, 1978, Hauserman filed this suit against Roussel-Hart and its surety for the $17,181.30 balance due on its subcontract. The surety’s exception of prescription was maintained by the trial court on the basis of LSA-R.S. 38:2247.[2] The Court of Appeal affirmed. Hauserman, Inc. v. Roussel-Hart Gen. Con., 385 So.2d 455 (La. App. 1 Cir. 1980). At the behest of Hauserman, Inc., a writ was granted to review the judgment. 393 So.2d 735 (La., 1980).
The trial and appellate courts erred in applying the one year prescriptive period of LSA-R.S. 38:2247 to Hauserman’s claim. The statute is contained in Part III of the chapter on public contracts, which concerns “Claims of Materialmen and Laborers on Public Works”. A mere supplier of material, such as cement, comes within the purview of LSA-R.S. 38:2247. Marquette Cement Manufacturing Co. v. Normand, 249 La. 1027, 192 So.2d 552 (1966). However, a subcontractor is not a materialman. Jesse F. Heard & Sons v. Southwest Steel Products, 124 So.2d 211 (La.App. 2 Cir. 1960) writ denied; noted at 21 La.L. Rev. 846. “[T]he test should be whether or not the person furnishing the material thereafter performed any labor in attaching to or incorporating the materials into the *802 building or improvements... . ” Jesse F. Heard & Sons, supra, 124 So.2d 220. Hauserman is neither a materialman nor a laborer but a subcontractor which performed a unitary portion of the primary contract. Gifford Hill & Company v. Harper, 262 So.2d 842 (La.App. 2 Cir. 1972). A general contractor and his surety’s liability to a subcontractor on a public works contract is governed by the general prescriptive period in Part I of the chapter on public works. LSA-R.S. 38:2189.[3] At the time of this contract, that period was three years. State Ex Rel. Guste v. Simoni, Heck & Associates, 331 So.2d 478 (La., 1976). Hauserman’s claim is subject to the three year prescriptive period of LSA-R.S. 38:2189.
For the foregoing reasons, the judgment maintaining the exception of prescription on the part of Fidelity & Deposit Company of Maryland is reversed and the matter is remanded for further proceedings.
REVERSED AND REMANDED.

. “The Subcontractor shall furnish all labor, material, equipment and services, and perform and complete all CASEWORK — SECTION 33 required for the construction of additions and renovations to EARL K. LONG MEMORIAL HOSPITAL....”

. LSA-R.S. 38:2247 provides:
“Nothing in this Part shall be construed to deprive any person or claimant within the terms of this Part of his right of action on the contractor’s bond which shall accrue at any time after maturity of his claim, which said action mus.t be brought against the surety or the contractor or both within one year from the registry of acceptance of the work or of notice of default of the contractor; except that before any person having a direct contractual relationship with a subcontractor but no contractual relationship with the contractor shall have a right of action against the contractor or the surety on the bond furnished by the contractor, he shall record his claim as provided in R.S. 38:2242 or give written notice to said contractor within forty-five days from the recordation of the notice of acceptance by the owner of the work or notice by the owner of default, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor or service was done or performed. Such notice shall be served by mailing the same by registered or certified mail, postage prepaid, in an envelope addressed to the contractor at any place he maintains an office in the state of Louisiana.”

. LSA-R.S. 38:2189 provided:
“Any action against the contractor on the contract or on the bond, or against the contractor or the surety or both on the bond furnished by the contractor, all in connection with the construction, alteration or repair of any public works let by the state or any of its agencies, boards or sub-divisions shall prescribe three years from the registry of acceptance of such work or of notice of default of the contractor unless otherwise limited in this said chapter.”
[This provision applies to all contracts entered into before September 12, 1975, the effective date of Act 250 of 1975. This contract date was May 12, 1975.]