DOMENGEAUX, Judge.
By this suit, plaintiff, Honeywell, Inc., is attempting to recover from defendants, Jesse F. Heard & Sons, Inc., and its surety, Travelers Indemnity Company, the sum of $11,513.00 for work performed in the construction of LaSalle General Hospital of Jena, Louisiana.
The case was considered by us once before. Originally, judgment was rendered in favor of defendants, Jesse F. Heard & Sons, Inc. and Travelers Indemnity Company, with that judgment being affirmed by this Court, 440 So.2d 973 (La.App.3rd Cir. 1983).
Honeywell, Inc., applied for writs of cer-tiorari and review to the Louisiana Supreme Court and the latter tribunal granted the application at 445 So.2d 427 (La.1984), with the following language:
“Granted. Decision of Court of Appeal is reversed. Case remanded to Court of Appeal for reconsideration in light of Hauserman v. Rousel-Hart Gen. Contr., 395 So.2d 800 (1981).”
We find the high court’s procedure in this case unusual. The reversal, it would seem, should be explained away by it rather than us. In any event of course, we will adhere to the mandate of the Supreme Court and reconsider in light of Hauserman, supra.
We interpret the Hauserman case as simply providing guidelines to determine whether a claimant is a sub-contractor or a materialman. Further, the case points out that different prescriptive periods apply to each category. Should that be the controlling issue in the case under consideration, we would have no problem in holding Honeywell to be a sub-contractor and accordingly applying the five-year prescriptive period of La.R.S. 38:2189. However, as we pointed out in our original opinion, the plaintiff is without remedy under the Public Works Act for failure to file his claim within the statutorily mandated forty-five day period following recordation of acceptance of the work. See Powers Regulator Company v. Murphy’s Plumbing Service, Inc., 311 So.2d 503 (La.App. 4th Cir.1975). The Hauserman case does not involve such a contention. Neither does the Hauserman case involve a contention that the prescriptive period of the bond itself should govern. The issue there was which of the two periods provided for in the Public Works Act should control.
It was argued on original hearing that plaintiffs failure to file this claim within 45 days merely resulted in their losing privity of contract between Honeywell and Heard & Sons. It was thus plaintiff’s theory that privity could be found from the language of the bond. In effect plaintiff asks us to look to the provisions of the bond to find the requisite privity of contract and disregard its one year prescriptive period in order to find the five year prescriptive period of La.R.S. 38:2189 controlling. We find this approach to be inconsistent with statutory reality; and in order to follow plaintiff’s approach, it would be necessary to grant it the advantages of both situations, while relieving it of its barriers.
*1384 We adhere to our original holding that Honeywell’s failure to timely file its claim deprives it of any right of action against the contractor or the surety under the Public Works Act. The case is then one of simple contract interpretation and we further adhere to our original holding that plaintiff is also not entitled to recover on the terms of the bond itself.
The Supreme Court by its aforementioned writ action disagrees with our original treatment of this case. We do not view Hauserman as the high court does, which places us in a position of awkwardness.
We considered Hauserman in our original opinion, we have considered it again and we maintain that it does not apply to the facts of the case at hand, and if it should, we respectfully think it is wrong.
Such being the case, we are constrained to adhere to our original opinion which affirmed the trial court’s dismissal of plaintiff’s claim. However, our disagreement with the high court does not jurispruden-tially allow us to reverse that tribunal, and such being the case we respectfully suggest that the Supreme Court, being the final arbiter, take the matter up, decide it according to its own thinkings and rationale, and render its own opinion.
Decision of the trial court is affirmed.
DOUCET, J., concurs.
GUIDRY, J., dissents and assigns with written reasons.