GUIDRY, Judge,
dissenting.
For the reasons which will be more fully expressed below, I respectfully disagree with the holding of the Supreme Court in Hauserman v. Roussel-Hart Gen. Gont., 395 So.2d 800 (La.1981). However, in my view, that case is dispositive of the issue presented herein, inasmuch as it held that the liability of a general contractor and his surety to a subcontractor on a public works contract is governed by the prescriptive period provided by LSA-R.S. 38:2189, contained in Part I of the chapter on public contracts. Because this five-year prescriptive period is applicable, Honeywell’s suit is timely, irrespective of any shorter prescriptive period provided in the bond. I therefore dissent from the dismissal of Honeywell’s suit.
In Hauserman, the Supreme Court concluded that the prescriptive period provided in LSA-R.S. 38:2247, being in Part III of the chapter on public contracts (titled “Claims of Materialmen and Laborers on Public Works”) had no applicability to a claim by a subcontractor. Following this reasoning to its logical conclusion, one must necessarily conclude that Part III has no application to the claims of subcontractors.
The chapter on public contracts provides two important rights to persons involved in the construction or repair of public works. First, those not in contractual privity with the general contractor are afforded a right of action against both the contractor and his surety. LSA-R.S. 38:2241. Secondly, when a claimant properly files and records a sworn statement of his claim, any payment made by the governing authority without deducting the amount of such claim renders the governing authority liable for the claim. LSA-R.S. 38:2242. Thurman v. Star Electric Supply, Inc., 307 So.2d 283 (La.1975). Both of these rights are created by the provisions of Part III of the chapter.
The Supreme Court in Hauserman held that Part III applies exclusively to laborers and materialmen, but not to subcontractors. Thus, an unpaid subcontractor who is not in contractual privity with the general contractor (i.e., a sub-subcontractor) would appear to have no right under the act to proceed against the general contractor and his surety. Further, unpaid subcontractors have no right to preserve a claim against the governing authority pursuant to LSA-R.S. 38:2242. In effect, Hauserman means that while the Public Works Act protects suppliers of labor and suppliers of materials, it does not protect persons who supply both, i.e., subcontractors.
*1385 I do not feel that the legislature ever intended to exclude subcontractors from the provisions of Part III. Rather, it appears that Part III was clearly intended by the legislature to affect suppliers of materials, laborers and those who performed both functions, i.e., subcontractors. In sum, it is my view that Part III of the chapter on public contracts applies to subcontractors including the provisions of LSA-R.S. 38:2247. In my view, the legislature intended LSA-R.S. 38:2247 to apply to materialmen, laborers and subcontractors and LSA-R.S. 38:2189 is applicable to disputes between the owner or public body and the contractor and his surety concerning the quality or quantity of the work. Marquette Cement Manufacturing Co. v. Normand, et al., 186 So.2d 396 (La.App. 1st Cir.1966), writ issued, 249 La. 373, 186 So.2d 626 (1966); affirmed, 249 La. 1027, 192 So.2d 552 (La.1966).
Whatever disagreement we may have with Hauserman, we of course must yield to its weight. I am unable to distinguish it from the instant ease. I therefore respectfully dissent.