462 So.2d 145 (1985)
HONEYWELL, INC.
v.
JIMMIE B. GUINN, INC., Jesse F. Heard & Sons, Inc. and the Travelers Indemnity Company.
No. 84-C-1130.
Supreme Court of Louisiana.
January 14, 1985.
*146 David P. Spence, Michael L. Glass, Provosty, Sadler & deLaunay, Alexandria, for plaintiff-applicant.
Jesse S. Heard, Jr., West Monroe, for defendant-respondent.
MARCUS, Justice.
Honeywell, Inc. (Honeywell) initiated this proceeding seeking to recover from Jimmie B. Guinn, Inc. (Guinn), Jesse F. Heard & Sons, Inc. (Heard), and the latter's surety, The Travelers Indemnity Company (Travelers), monies allegedly remaining due for work performed in constructing the LaSalle General Hospital. After trial, the district court rendered judgment in favor of Honeywell and against Guinn for the sum of $11,513 together with interest and costs and dismissed Honeywell's demands against Heard and Travelers. Honeywell appealed. The court of appeal affirmed holding that Honeywell was not entitled to recover from Heard and Travelers under the provisions of the Public Works Act or under the terms of the labor and material payment bond issued by Travelers to Heard.[1] We granted Honeywell's application for writs, reversed the decision of the court of appeal, and remanded the case to that court for reconsideration in light of Hauserman v. Roussel-Hart, Gen. Contr., 395 So.2d 800 (La.1981).[2] After reconsideration, the court of appeal adhered to its original opinion and again affirmed the judgment of the district court.[3] On Honeywell's application, we granted certiorari to review whether the dismissal of Honeywell's *147 demands against Heard and its surety, Travelers, was proper.[4]
In October of 1977, Heard entered into a contract with the Board of Commissioners of the LaSalle General Hospital whereby Heard was to furnish all materials and perform all labor according to specifications in the renovation and construction of additions to the LaSalle General Hospital in Jena, Louisiana. As required by public contract law, Heard obtained, in addition to a performance bond, a labor and material payment bond from Travelers guaranteeing payment by the general contractor or any subcontractor for all work done, labor performed and materials furnished. See La.R.S. 38:2241. In performing its contract, Heard subcontracted with Guinn for the installation of the plumbing, heating and air-conditioning. Thereafter, Guinn subcontracted with Honeywell for the furnishing and installation of a pneumatic system of automatic temperature control. The Board of Commissioners accepted the construction work as substantially complete on May 9, 1980,[5] and its acceptance was recorded in the parish mortgage records on May 12, 1980. No claims were filed within forty-five days of the recordation of acceptance and Heard obtained a clear lien certificate on June 27, 1980. Honeywell completed its installation of the temperature control system on August 18, 1980. However, on the contract price owed by Guinn to Honeywell, $11,513 remained unpaid, and on October 7, 1980, Honeywell gave written notice to Heard of its claim to the unpaid portion of the contract price and requested payment. Honeywell was, thereafter, unable to secure payment and on August 28, 1981, Honeywell sued Guinn, Heard and its surety, Travelers, for the amount remaining due on the work it performed in the construction of the hospital.
In Hauserman, Inc. v. Roussell-Hart, Gen. Contr., 395 So.2d 800 (La.1981), an unpaid subcontractor, having a direct contractual relationship with the general contractor, sued both the general contractor and its surety for the balance due on its subcontract. This court held that the subcontractor's claims were governed by La. R.S. 38:2189, the general prescriptive period contained in Part I, entitled "General Provisions," of the chapter on public contracts. Because the facts of the instant case require us to determine what provisions of public contract law govern the right of an unpaid subcontractor, who is not in contractual privity with the general contractor, to proceed against the general contractor and its surety for the balance due on its subcontract, we feel compelled to reconsider our decision in Hauserman.
Hauserman drew a distinction between the claims of subcontractors and materialmen or laborers. This court stated that the one year prescriptive period of La.R.S. 38:2247, contained in Part III entitled "Claims of Materialmen and Laborers on Public Works," governed the claims of a supplier of material or labor. However, a subcontractor, who supplies both labor and material, was not a materialman or laborer; hence, his claims were governed by the general prescriptive period (five years) of La.R.S. 38:2189, which provides:

Any action against the contractor on the contract or on the bond, or against the contractor or the surety or both on the bond furnished by the contractor, all in connection with the construction, alteration, or repair of any public works let by the state or any of its agencies, boards or subdivisions shall prescribe 5 years from the substantial completion, as defined in R.S. 38:2241.1, or acceptance of such work, whichever occurs first, or of notice of default of the contractor *148 unless otherwise limited in this Chapter. (Emphasis added.)
On re-examination of this section, we consider that it was intended to apply to actions brought by the state (or its agencies, boards, or subdivisions) against the contractor on the contract or its surety in connection with public works "let by the state or any of its agencies." This conclusion is supported by the parallel provision of La.R.S. 38:2189.1[6] which applies to the reverse situation by providing the same prescriptive period (five years) for actions brought by the contractor on the contract or its surety against the state in connection with public works "let by the state or any of its agencies." In other words, these provisions provide a prescriptive period for actions arising out of disputes between the state or any of its agencies and the general contractor and/or its surety in connection with the public contract between them.
Alternatively, our examination of La.R.S. 38:2247 indicates that it was intended to apply to the claims of subcontractors as well as materialmen or laborers. Section 2247 provides in part:
Nothing in this Part shall be construed to deprive any person or claimant within the terms of this Part of his right of action on the contractor's bond which shall accrue at any time after maturity of his claim, which said action must be brought against the surety or the contractor or both within one year from the registry of acceptance of the work or of notice of default of the contractor; except that before any person having a direct contractual relationship with a subcontractor but no contractual relationship with the contractor shall have a right of action against the contractor or the surety on the bond furnished by the contractor, he shall record his claim as provided in R.S. 38:2242 or give written notice to said contractor within forty-five days from the recordation of the notice of acceptance by the owner of the work....
Applying this section to the facts presented in Hauserman, an unpaid subcontractor having a direct contractual relationship with the contractor may sue on the contractor's bond without filing and recording a sworn claim or giving written notice to the contractor. Although the action against the contractor is subject to the ten-year prescriptive period ordinarily applied to actions in contract, La.Civ.Code art. 3499, the action against the surety on the bond must be brought within one year from the registry of acceptance of the work by the governing authority. Although not a contested issue of the case, this was the solution reached by this court in E. L. Burns Co. v. Cashio, 302 So.2d 297 (La.1974), which was overlooked by our decision in Hauserman involving similar facts.
However, where a person has a direct contractual relationship with a subcontractor, but no contractual relationship with the contractor, this section requires that such a person either record his claim as provided in La.R.S. 38:2242 or give written notice to said contractor within forty-five days from the recordation of the notice of acceptance by the owner prior to bringing action against the contractor or the surety within one year from the registry of acceptance. The instant case involves the claims of an unpaid subcontractor (Honeywell) of a subcontractor (Guinn) against the general contractor (Heard) and its surety (Travelers) and would come within this provision. Moreover, under this interpretation, an unpaid subcontractor would have the same right as a materialman or laborer *149 to preserve a claim against the governing authority pursuant to La.R.S. 38:2242[7] which would not follow from our decision in Hauserman.
For the foregoing reasons, we conclude that La.R.S. 38:2247 governs the claims of subcontractors as well as materialmen or laborers. Accordingly, we overrule Hauserman.
Applying La.R.S. 38:2247 to the facts of the instant case, the governing authority's acceptance of the work was recorded on May 12, 1980. Since Honeywell had a direct contractual relationship with Guinn but no contractual relationship with Heard, it was necessary under section 2247 that Honeywell either record its claim as provided by La.R.S. 38:2242 or give written notice to Heard within forty-five days from the recordation of the notice of acceptance prior to bringing suit within one year from the registry of acceptance. Honeywell's suit against Heard and its surety, Travelers, was filed on August 28, 1981, more than one year after the registry of acceptance of the work.[8] Hence, the demands against Heard and Travelers were properly dismissed as they were barred by the one-year prescription of La.R.S. 38:2247.[9]

DECREE
For the reasons assigned, the judgment of the court of appeal is affirmed.
WATSON, J., concurs but disagrees with the necessity for overruling Hauserman.
NOTES
[1] 440 So.2d 973 (La.App. 3d Cir.1983).
[2] 445 So.2d 427 (La.1984).
[3] 449 So.2d 1382 (La.App. 3d Cir.1984).
[4] 457 So.2d 6 (La.1984).
[5] Two certificates of substantial completion were issued by the Board. The first, issued on January 25, 1980, covered only a part of the total work to be performed under the contract. However, as Heard entered into one contract with the Board for all renovation and construction work to be performed on the hospital, we consider the second certificate of substantial completion, issued on May 9, 1980, to be controlling as far as the applicable notice and prescriptive provisions are concerned.
[6] La.R.S. 38:2189.1 provides:

Any action by the contractor on the contract or on the bond, or by the contractor or the surety or both on the bond furnished by the contractor, against the state, or any of its agencies, boards or subdivisions, all in connection with the construction, alteration, or repair of any public works let by the state or any of its agencies, boards, or subdivisions, shall prescribe five years from the completion, the substantial completion, as defined in R.S. 38:2241.1, or acceptance of such work, whichever occurs first, or of notice of default of the contractor or other termination of the contract, unless otherwise limited in this Chapter.... (Emphasis added.) Added by La.1982 Acts No. 544 § 1.
[7] La.R.S. 38:2242 provides in part:

Any person to whom money is due for doing work, performing labor, or furnishing materials or supplies for the construction, alteration, or repair of any public works ... may after the maturity of his claim and within forty-five days after the recordation of acceptance of the work by the governing authority or of notice of default of the contractor or subcontractor, file a sworn statement of the amount due him with the governing authority having the work done and record it in the office of the recorder of mortgages for the parish in which the work is done. After the filing and recordation of claims, any payment made by the governing authority without deducting the amount of the claims so served on it shall make the authority liable for the amount of the claim....
[8] The bond issued by Travelers contained a ninety (90) day notice requirement. Whether or not the notice requirements of La.R.S. 38:2247 can be extended by private agreement and whether notice would have been timely under the provisions of the bond need not be decided by us since Honeywell did not bring its action against Heard and Travelers within one year from the registry of acceptance.
[9] The bond issued by Travelers contained a provision that arguably would have extended the one-year prescription of La.R.S. 38:2247. In E. L. Burns Co. v. Cashio, 302 So.2d 297 (La.1974), we held that a contractual extension of the one-year prescriptive period set forth in La.R.S. 38:2247 constituted an anticipatory renunciation of prescription as prescribed by La.Civ. Code art. 3449 and could not be given effect.