542 So.2d 138 (1989)
INTERSTATE SCHOOL SUPPLY COMPANY
v.
GUITREAU'S CONSTRUCTION & CONSULTING COMPANY, INC. and Commercial Union Insurance Company.
No. CA 88 0322.
Court of Appeal of Louisiana, First Circuit.
April 11, 1989.
Billy O. Wilson, Baton Rouge, for plaintiff-appellant Interstate School Supply Co.
Dale Mass, Baton Rouge, for defendant-appellee, Guitreau's Const. & Consulting Co., Inc.
David Bell, Baton Rouge, for defendant-appellee, Commercial Union Ins. Co.
Before WATKINS, CRAIN and ALFORD, JJ.
*139 CRAIN, Judge.
This is an appeal from a judgment sustaining an exception of no right of action.
A general contract was entered into between Louisiana State University (LSU) and Guitreau's Construction and Consulting Company, Inc. (Guitreau's). The contract was bonded by Commercial Union Insurance Company (Commercial Union). All of this was done in apparent compliance with La.R.S. 38:2241 A which deals with public works contracts in excess of $5000. Interstate School Supply Company (ISS) sub-contracted with Guitreau's to supply and install portions of the requirements of the general contract. LSU recorded an acceptance of the project on March 19, 1986. On May 2, 1986, ISS recorded a sworn statement of account and on May 6, 1986, mailed a certified copy of the statement of account to LSU. ISS then filed this suit against Guitreau's and Commercial Union. An exception of no right of action was filed by Commercial Union claiming ISS forfeited its right to proceed against it by failing to comply with the notice requirements of La.R.S. 38:2242, requiring recordation of the statement of account and filing of the same with the governing authority (LSU) within 45 days of formal acceptance. Finding the notice to the governing authority one day late, which appears undisputed, the trial court maintained the exception.
ISS appeals, basically urging that the notice requirements of La.R.S. 38:2242 apply only to maintaining a right of action against the governing authority and have no bearing on maintaining an action against the surety. We disagree and affirm the judgment of the trial court.
Prior to September of 1985, La.R.S. 38:2247 provided that nothing in the part dealing with notice and recordation "shall be construed to deprive any person or claimant ... of his right of action on the contractor's bond...." Based on this language the Supreme Court decided in Honeywell, Inc. v. Jimmie B. Guinn, Inc., 462 So.2d 145 (La.1985), that "an unpaid sub-contractor having a direct contractual relationship with the contractor may sue on the contractor's bond without filing and recording a sworn claim or giving written notice to the contractor". Honeywell, 462 So.2d at 148.
The legislature acted immediately to amend La.R.S. 38:2247 to provide that, "Nothing in this Part shall be construed to deprive any claimant ... who has complied with the notice and recordation requirements of R.S. 38:2242(B), of his right of action on the bond." (emphasis supplied). Where compliance with the notice requirements had not been necessary in order to proceed on the bond, the amendment specifically requires compliance with the notice requirements in order to do so. The amendment overrules Honeywell.
Appellant argues that the notice requirements of La.R.S. 38:2242(B) are for the protection of the governing body to prevent payment to the contractor when there are outstanding claims. That may be the case, but the specific language of La.R.S. 38:2247 requires compliance with the notice requirements in order to proceed "on the bond". The clear language cannot be ignored.
Consequently, we find that ISS has no cause of action to proceed on the bond.[1] Since the reason for having no cause of action is failure to meet the delays for filing notice there is no way to amend the petition to cure the defects. Accordingly, the trial court's dismissal of appellant's suit is affirmed. All costs to be paid by appellant.
AFFIRMED.
NOTES
[1] We note that La.R.S. 38:2242 gives a "claimant" a right of action to proceed "on the bond". "Claimant" is defined as "any person to whom money is due pursuant to a contract with a contractor for furnishing materials or supplies, doing work or performing labor on any public works". Plaintiff is a claimant with a right of action. However, since plaintiff did not give proper notice, no cause of action can be asserted.