CRAIN, Judge.
This is an action by a subcontractor against the contractor and the contractor’s surety pursuant to La.R.S. 38:2241-38:2248 of the Public Works Act.
Utley-James of Louisiana, Inc., (hereinafter referred to as Utley-James) entered into a contract with the State of Louisiana for the construction of a cell block and support facilities at Louisiana State Penitentiary at Angola, Louisiana. Utley-James’ performance and payment bond for the project was obtained from Aetna Casualty & Surety Company (hereinafter referred to as Aetna). Utley-James subcontracted the plumbing to John F. Sanchez Company, Inc. (hereinafter referred to as Sanchez).
The project was accepted by the state on May 15,1986. Notice of its acceptance was recorded on June 11, 1986. The state withheld 5% of the contract price in retainage, a special retainage of $27,250.00, and liquidated damages in the sum of $63,600.00 (53 days delay at $1,200 per day).
Alleging that it was due the sum of $27,715.35 under the subcontract with Ut-ley-James, Sanchez filed a lien affidavit on July 2, 1986. On August 1, 1986, Sanchez filed an Act of Cancellation of Lien or Privilege which stated that the sum secured by the lien was paid and fully satisfied. However, the $27,715.35 secured by the lien was never actually paid. Sanchez re-filed the lien affidavit on October 22, 1986. To this date Sanchez has not been paid the sum allegedly due.
Sanchez instituted this action against Ut-ley-James and Aetna. After trial on the merits judgment was rendered in favor of Sanchez and against the respective defendants. From this judgment defendants appeal alleging as error the trial court’s failure to find that liquidated damages should be assessed against Sanchez for delaying completion of the project; the trial court’s award of statutory attorney fees; the rendition of judgment against Aetna; and the trial court’s failure to allow Utley-James to pay sums due to Sanchez after Utley-James is paid in full by the state.
LIABILITY OF AETNA
La.R.S. 38:2242(B) provides that:
[a]ny claimant may after the maturity of his claim and within forty-five days after the recordation of acceptance of the work by the governing authority ... file a sworn statement of the amount due him with the governing authority having the work done and record it in the office of the recorder of mortgages....
In order to proceed “on the bond” the claimant must comply with the notice and recordation requirements of La.R.S. 38:2242(B). La.R.S. 38:2247; Interstate School Supply Co. v. Guitreau’s Construction and Consulting Co., Inc., 542 So.2d 138 (La.App. 1st Cir.1989).
Notice of acceptance was recorded on June 11, 1986. The lien affidavit was filed on October 22,1986, greater than forty-five days from recordation of the notice of acceptance. Because Sanchez failed to timely *1304 file the lien affidavit, it was not m compliance with La.R.S. 38:2242(B). The original timely filed lien was withdrawn. At the most that filing could only interrupt the running of the 45 day limit. Since the new lien was not filed within 45 days of the cancellation of the original lien the time period for filing expired under the most liberal interpretation of the statute in Sanchez’s favor. Sanchez may not proceed against Aetna “on the bond”.
ASSESSMENT OF LIQUIDATED DAMAGES AGAINST SANCHEZ
Utley-James contends that actions of Sanchez delayed completion of the project resulting in liquidated delay damages being assessed by the state against Utley-James. Utley-James in turn alleges that Sanchez delayed completion by fourteen days, thus, judgment, if any, in favor of Sanchez should be reduced accordingly (14 days at $1,200.00 per day).
In oral reasons for judgment the trial court found that Sanchez was not responsible for the delay in completion. Any delays related to the plumbing were caused by the failure of Utley-James to coordinate the installation of the plumbing, electrical wiring and duct work. This determination was amply supported by the testimony of the project architect, Jack Rau, and Ollie French, senior mechanical designer who designed the plumbing for the project. Factual determinations of the trier of fact should not be set aside unless clearly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). After careful review of the record we conclude the factual determinations of the trial court are not clearly wrong. This assignment of error is without merit.
PAY WHEN PAID
Utley-James contends that the “Pay When Paid” clause in the subcontract requires Sanchez to grant Utley-James a reasonable period of time to obtain payment from the state before paying Sanchez.
This action was instituted on October 22, 1986. Utley-James instituted a third-party demand against the state on April 13, 1988. At trial, August 3, 1988, defendants moved for dismissal without prejudice of the third party demand. The twenty-six month lapse between recordation of acceptance by the state and the time of trial of the principal demand is an inordinately long period of time and is beyond the reasonable time contemplated by the parties to the subcontract in which full payment under the subcontract should have been made by Utley-James to Sanchez. Chartres Corporation v. Charles Carter Co., Inc., 346 So.2d 796 (La.App. 1st Cir.1977).
STATUTORY ATTORNEY FEES
Appellants contend that the statutory attorney fees awarded in the judgment should be reduced by the liquidated delay damages which should have been assessed against Sanchez.
La.R.S. 38:2246 provides that after amicable demand has been made on the contractor and the surety “any claimant recovering the full amount of his recorded or sworn claim ... shall be allowed ten percent attorney’s fees which shall be taxed in the judgment on the amount recovered.”
We have determined that the trial court correctly concluded that no liquidated damages should be assessed to Sanchez and that twenty-six months is beyond the reasonable period of time contemplated by the parties under the pay when paid provision of the contract. Accordingly, Sanchez was correctly awarded statutory attorney’s fees. Given the above reasons, the judgment against Aetna is reversed and the other action of the trial court is affirmed. Costs are assessed against Utley-James.
AFFIRMED IN PART AND REVERSED IN PART AND RENDERED.