NORRIS, Judge.
Plaintiff, D & J Construction Company (D & J), filed suit against defendants, Dolphin Construction Company (Dolphin), Mid-Continent Stone Company, Inc. (Mid-Continent), and Fireman’s Fund Insurance Company (Fireman’s) on April 17, 1989; D & J sought an award of $12,188.83 plus interest against all three defendants in solido for materials and supplies transported and delivered to a construction site as a “for-hire carrier” employed by Mid-Continent. Dol *763 phin and Fireman’s filed separate peremptory exceptions of prescription of one year. La.R.S. 38:2247. By judgment signed May 14, 1990, the trial court overruled Fireman’s exception of prescription. The minutes indicate Dolphin’s exception of prescription was never taken up. On June 26, 1990 this court granted Fireman’s a supervisory writ. We make the writ peremptory, reverse the judgment of the trial court and dismiss D & J’s suit as to Fireman’s for the following reasons.
FACTS
On September 12, 1986 the Louisiana Department of Transportation and Development (the State) entered into a contract with Dolphin wherein Dolphin was to perform work and provide equipment, labor and materials for Project No. 451-06-80 entitled “Lincoln Parish Line — -Britton Road, Route 1-20” (6.144 miles of road construction for $10,456,993.41). R.p. 45. Dolphin, as principal and Fireman’s, as surety provided a contract bond for the full amount of the project. Mid-Continent was a subcontractor of Dolphin, and D & J was a subcontractor of Mid-Continent. On March 14,1988 the State recorded its notice of acceptance of completion of work on the project. D & J, claiming $12,188.83 in unpaid bills, recorded a public work claim (styled by the parties as a “lien”) on April 11, 1988 pursuant to La.R.S. 38:2242. On May 31, 1988 Dolphin (principal) and Fireman’s (surety) filed a release of claim bond (styled by the parties as a “release of lien bond”) pursuant to La.R.S. 9:4941 for $15,-236.[1] The release of claim bond contains the following condition:
[T]his obligation is such that in the event the legality of claim or claims is established with suit or otherwise, the bond shall remain in full force and effect to protect the interest of the Claimant in the said proceedings, but should Claimant fail to bring suit to establish claim or take steps to preserve this lien, then this obligation shall become null and void. R.p. 53.
The instant suit by D & J on its recorded claim was not filed until April 17, 1989.
Fireman’s asserts that the trial court erred by overruling its exception of prescription. It argues that R.S. 38:2247 extinguishes claims against a contractor or its surety which arise under the Public Works Act (La.R.S. 38:2241, et seq.) if no suit has been filed therein within one year of recordation of acceptance of work. D & J counters that R.S. 38:2247 applies only to a suit to collect on a contract bond, not a suit to collect from a release of claim bond as in the instant case. It further argues that the release of claim bond was to guarantee that Fireman’s as surety would pay D & J pursuant to D & J’s contract with Mid-Continent; thus the claim should prescribe in ten years rather than one. La. C.C. art. 3499; R.S. 38:2247.
DISCUSSION
The Public Works Act establishes a procedure for a claimant to file with the governing authority a sworn statement of an amount due from a contractor or subcontractor and record it in the mortgage records of the parish where the work was performed. R.S. 38:2242. It also provides a 45-day time limitation for the claim to be filed after recordation of acceptance of work by the governing authority. R.S. 38:2242 B.[2] Thereafter, if an awarding au *764 thority pays the contractor without deducting outstanding claims or obtaining a bond from the contractor to cover any outstanding claims, the awarding authority becomes liable for the claims. R.S. 38:2242 D. In the instant case the State recorded its notice of acceptance on March 14, 1988; D & J recorded its claim on April 11, 1988. Thus, the sworn statement of the amount due was timely recorded..
R.S. 38:2247 also provides a time limitation for filing a suit to enforce a claim:
Nothing in this Part shall be construed to deprive any claimant, as defined in this Part and who has complied with the notice and recordation requirements of R.S. 38:2242(B), of his right of action on the bond furnished pursuant to this Part, provided that said action must be brought against the surety or the contractor or both within one year from the registry of acceptance of the work * * * (emphasis added)
In Honeywell, Inc. v. Jimmy B. Guinn, Inc., 462 So.2d 145 (La.1985),[3] subcontractor I had a contractual relationship with subcontractor II, but not with the general contractor. Subcontractor I filed suit under the Public Works Act against the general contractor and the surety on the contract bond more than one year after notice of acceptance was recorded by the governing authority. The Supreme Court ruled the action as to these parties was barred by the one-year prescriptive period of R.S. 38:2247. In the instant case, D & J had a contract with Mid-Continent (subcontractor), but not with Dolphin (general contractor). The State filed its notice of acceptance on March 14, 1988 and D & J did not file this suit until April 17, 1989, more than one year later. Thus, in accordance with the holding in Honeywell (and assuming compliance otherwise with R.S. 38:2247), D & J’s action has prescribed.
D & J, however, argues that the prescriptive period of R.S. 38:2247 does not apply in the instant case because its suit is based on a release of claim bond, R.S. 9:4941, rather than a contract bond, R.S. 38:2247. R.S. 9:4941 states:
When any contractor shall have entered into a contract to perform public works under the laws of this state governing the letting and awarding of such contracts and in conformity with the requirements thereof, the contractor shall have the right to bond any claim or claims which may be filed or recorded against said work by depositing with the clerk of court of the parish in which such claims are filed or recorded a bond with surety signed by any surety company authorized to do business in the state for an amount equal to the claim plus one-fourth. The bond shall be approved by the clerk of court conditioned that in the event the legality of such claim or claims is established by suit or otherwise, the bond shall remain in full force and effect to protect the interest of the claimant in the premises.[4] (emphasis added)
In Brunet v. Justice, 264 So.2d 743 (La.App. 4th Cir.), writ denied 262 La. 1178, 266 So.2d 451 (1972) a release of lien (claim) bond was furnished in compliance with La. R.S. 9:4841 of the Private Works Act. The defendant argued that the in rem liability of the owner’s property becomes, by “legislative novation,” the personal liability of the bond’s principal and surety subject to a ten-year general contract prescription rather than the one-year prescription provided by the Private Works Act. La.C.C. art. 3544 (1870).[5] The Brunet court found that the bond was merely a form of security substituted for the lien (claim), that no greater rights could enure to the claimant under the release of lien (claim) bond than *765 he possessed under the lien (claim), and that the one-year prescriptive period applied. This same reasoning had previously been applied to a release, of lien (claim) bond furnished in connection with the Public Works Act. Such a bond “is to stand in lieu of, and as a substitute for, the lien on the fund due to the contractor, to the extent of any claim or claims recorded against the fund.” Pittman Bros. Const. Co. v. First Sewerage Dist. of Lake Charles, 193 La. 307, 190 So. 563 (1939).
The release of claim bond in the instant case did not create a contractual relationship between Fireman’s and D & J. Rather, it secured payment for D & J’s claim under the Public Works Act. “The giving of the bond is at the option of the contractor or owner and stands for the lien. Filing it should neither enlarge nor diminish the substantive rights of the claimant.” Harrell, Security Devices, The Work of the Louisiana Appellate Courts for the 1972-1973 Term, 34 La.L.Rev. 197, 273 (1974). Although this statement was made in reference to the Brunet decision, the rationale is equally applicable in the instant case under the Public Works Act; contractors of public works would otherwise be penalized by significantly extending their time of exposure to suits based on public works claims for which a release of claim bond was provided.
D & J also argues that R.S. 38:2247 applies only to a “right of action on the bond furnished pursuant to this Part.” It asserts that the only bond furnished “pursuant to this Part” is the contract bond. Admittedly, the statutory authority for the release of claim bond, R.S. 9:4941, at the time the instant bond was furnished, was not contained within the Public Works Act as was the statute authorizing the contract bond, R.S. 38:2241. However, R.S. 9:4941 specifically states that it is to be utilized to bond “public works” claims. In addition, this claim and claimant fall under the Public Works Act which provides the requirements for notice, recordation, and prescription for the filing of suits based on public works. La.R.S. 38:2242 A.[6] Thus, in reading R.S. 9:4941 in pari materia with R.S. 38:2247, it is clear that the prescriptive period for filing suit on a public works claim against a surety on a release of claim bond is one year from the rec-ordation of acceptance of work.
For these reasons we make our earlier writ peremptory. The judgment overruling the exception of prescription is reversed and the suit is dismissed as to Fireman’s at D & J’s cost.

. The release of claim bond cites La.R.S. 9:4835 as its statutory authority. Both parties, however, agree in brief that this was merely an error in citation and that the correct statutory authority is La.R.S. 9:4941.

. 1985 La.Acts No. 244, § 1 (effective September 1985) amended R.S. 38:2247 to require a claimant with a direct contractual relationship with a subcontractor but no contractual relationship with the contractor to provide notice and rec-ordation as required by R.S. 38:2242 B and, in addition, to give written notice to said contractor within 45 days of recordation of notice of acceptance. The record before us does not indicate that written notice was ever given to the contractor, even though the sworn statement was recorded April 11, 1988. In fact, Fireman’s misstates the law in this instance and applies R.S. 38:2247 as it appeared prior to the above amendment. As a result, Fireman’s does not contest the issue of lack of written notice to the contractor. Although written notice to the contractor is a prerequisite to a claimant’s right of action on the bond, a determination on this *764 issue is unnecessary because of our disposition on the prescription issue.

.This case was legislatively overruled on other grounds. See fn. 2, supra; Interstate School Supply Co. v. Guitreau’s Const. & Consulting Co., 542 So.2d 138 (La.App. 1st Cir.1989).

. 1989 La.Acts No. 418, § 1 reproduces the substance of R.S. 9:4941 within the Public Works Act, La.R.S. 38:2242.2. However, in the instant case, the release of lien bond was filed May 1988 and therefore R.S. 9:4941 applies.

. Now La.C.C. art. 3499. See 1983 La.Acts No. 173, § 1.

. This statute was amended by 1989 La.Acts No. 305, § 1 to delete the phrase "contract with a ... subcontractor.” However, we do not address this issue because the amendment occurred after execution of the release of lien bond in the instant case.