FORET, Judge.
This is an action arising under the Public Works Act (La.R.S. 38:2241 et seq.). Le-Blanc & Theriot Equipment Company (Le-Blanc), plaintiff and appellant herein, appeals from a grant of summary judgment in favor of the City of Lafayette (City) and the grant of an exception of prescription in favor of St. Paul Fire & Marine Insurance Company (St. Paul).[1] After granting defendants-appellees’ motion for summary judgment and exception of prescription, the trial court dismissed these defendants and ordered that the Clerk of Court for the Parish of Lafayette, Louisiana, erase two liens filed by LeBlanc from its mortgage records. We affirm the judgment of the trial court.
FACTS
Pursuant to a construction contract entered into between the City and H & S, H & S secured a performance bond from St. Paul. On June 3, 1988, the City filed an acceptance of work into the public records. Approximately one month later, LeBlanc, a supplier of materials, filed two statements of claim and privilege totaling $18,604.88. *1276 On July 28, 1988, the City obtained two release of lien bonds from H & S to cover LeBlanc’s outstanding claims. Subsequent thereto, the City made final payment to H & S without deducting the amount of plaintiff’s claims. On July 7, 1989, LeBlanc filed suit to recover the amount of its claims.
In response, St. Paul filed a peremptory exception of prescription of one year based upon La.R.S. 38:2247 insofar as LeBlanc did not file its suit within one year of the recordation of the acceptance of work.
The City filed a motion for summary judgment on the basis that, prior to final payment to H & S, the contractor, it had obtained a bond to cover the total amount of all outstanding claims and therefore, was released from any liability for unpaid claims pursuant to La.R.S. 38:2242(D). ■
EXCEPTION OF PRESCRIPTION
La.R.S. 38:2247 states, in pertinent part:
“Nothing in this Part shall be construed to deprive any claimant, as defined in this Part and who has complied with the notice and recordation requirements of R.S. 38:2242(B), of his right of action on the bond furnished pursuant to this Part, provided that said action must be brought against the surety or the contractor or both within one year from the registry of acceptance of the work....”
The City’s acceptance of the work was filed on June 3, 1988, and LeBlanc’s suit was instituted on July 7, 1989, more than one year later. Therefore, LeBlanc’s action against St. Paul on the performance bond has prescribed. See D & J Const. Co., Inc. v. Mid-Continent Stone Co., 571 So.2d 762 (La.App. 2 Cir.1990).
LeBlanc argues that because a notice of lis pendens was filed on July 7, 1989, less than one year from the date of recordation of its claims, July 11,1988, the exception of prescription should have been dismissed. In support, LeBlanc relies upon La.R.S. 38:2242.1(F), which states, in pertinent part:
“The effect of filing for recordation of a statement of claim or privilege and the privilege preserved by it shall cease as to third persons unless a notice of lis pen-dens identifying the suit is filed within one year after the date of filing the claim or privilege.”
LeBlanc argues that its action was timely filed insofar as it filed suit and recorded a notice of lis pendens within one year after the filing of its claim or privilege.
We find no merit to this contention. The purpose behind a notice of lis pendens is simply to place third persons on notice of the pendency of an action. It is not designed to cure a procedural defect such as prescription. LeBlanc’s failure to institute an action within one year from the registry of the City’s acceptance of work preempts LeBlanc from exercising its right on the bond furnished pursuant to the Public Works Act. See Honeywell, Inc. v. Jimmy B. Guinn, Inc., 462 So.2d 145 (La.1985);[2] D & J Construction Co., Inc. v. Mid-Continent Stone, Co., supra. Thus, we affirm the trial court’s grant of St. Paul’s exception of prescription.
MOTION FOR SUMMARY JUDGMENT
La.R.S. 38:2242(D) states:
“When an awarding authority makes final payment to the contractor without deducting the total amount of all outstanding claims so served on it or without obtaining a bond from the contractor to cover the total amount of all outstanding claims, the awarding authority shall become liable for the amount of these claims.”
Pursuant to this statute, the City would be liable for LeBIanc's claim if it had made final payment to H & S without either deducting the amount of LeBlanc’s claim *1277 or obtaining a bond from the contractor to cover the total amount of LeBlanc’s claim.
In support of its motion for summary judgment, the City submitted the affidavit of T. Gerald Hanchey, President of H & S Construction Company, Inc., together with copies of the two bonds obtained from the contractor on July 28, 1988, which covered the total amount of LeBlanc’s claims. It is undisputed that the two bonds were obtained by H & S, with St. Paul as surety, and that these bonds were in an amount sufficient to cover LeBlanc’s claims.
LeBlanc contends that the bonds obtained by the City were ineffective in releasing it from liability for LeBlanc’s claims because the procedures set forth, as follows, in La.R.S. 9:4941 were not followed:
“When any contractor shall have entered into a contract to perform public works under the laws of this state governing the letting and awarding of such contracts and in conformity with the requirements thereof, the contractor shall have the right to bond any claim or claims which may be filed or recorded against said work by depositing with the clerk of court of the parish in which such claims are filed or recorded a bond with surety signed by any surety company authorized to do business in the state for an amount equal to the claim plus one-fourth. The bond shall be approved by the clerk of court conditioned that in the event the legality of such claim or claims is established by suit or otherwise, the bond shall remain in full force and effect to protect the interest of the claimant in the premises.”
Specifically, LeBlanc alleges that the lien release bonds obtained by the City through H & S were not valid because they were not properly filed and approved by the Clerk of Court. Additionally, LeBlanc alleges that it was never notified of the filing of the lien release bonds as required by the United States Supreme Court in Mennonite Board of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983).
LeBlanc’s contention regarding notice was neither argued nor passed upon in the trial court. Nevertheless, we find that no right to notice under Mennonite, supra, was violated by the City’s acquisition of the lien release bonds insofar as the bonds were merely a form of security substituted for LeBlanc’s claims against the funds held by the City. The acquisition of the bonds resulted in no substantive change in the status of LeBlanc’s claim or privilege.
The trial court found La.R.S. 9:4941 inapplicable to the City of Lafayette for the purposes of this motion for summary judgment. The trial court found, and we agree, that R.S. 38:2242(D), which sets forth the proper procedure for the City to follow to limit its liability for unpaid claims, did not require approval by the Clerk of Court. We agree with the trial court that acquisition of the lien release bonds by the City through H & S was sufficient to release the City from LeBlanc’s claims pursuant to R.S. 38:2242(D).
The sole reason for the acquisition of the bonds, which LeBlanc allowed to prescribe, was to secure sufficient monies to pay LeBlanc’s claims and enable the City to be assured that it was no longer liable for LeBlanc’s claims. The bonds were merely substitute security for the funds being held by the City to cover LeBlanc’s claims. LeBlanc’s right to proceed against the City under La.R.S. 38:2242(D) was dependent upon it not being able to collect from H & S because the City had not obtained a bond from H & S prior to final payment. LeBlanc could have collected from H & S had it filed suit on the performance bond within the prescriptive period.
LeBlanc did not file within the prescribed time period and, as such, his action against the surety prescribed. This prescriptive period was not extended by the filing of a lien release bond in lieu of LeBlanc’s original claim or privilege. See D & J Construction, Co. v. Mid-Continent Stone Co., supra; Brunet v. Justice, 264 So.2d *1278 743 (La.App. 4 Cir.1972), writ denied, 262 La. 1178, 266 So.2d 451 (1972). Likewise, insofar as no action was filed against the contractor or the surety within the one-year period, prescription was neither interrupted nor suspended against the City. Le-Blanc should not be granted a more extensive time in which to file suit against the City and benefit from its neglect to timely file suit against the contractor and/or its surety.
As such, we agree with the trial court that no genuine issue of material fact remains as to the City’s liability and affirm the trial court’s grant of summary judgment in favor of the City.
CONCLUSION
Based upon the foregoing, the judgment of the trial court is affirmed. Costs of this appeal are to be paid by LeBlanc & Theriot Equipment Company, Inc., plaintiff and appellant herein.
AFFIRMED.
STOKER, J., concurs and assigns written reasons.

. Surety of H & S Construction Company (H & S).

. This case was legislatively overruled on other grounds.